No. 58.—HARDY DURHAM, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] There is no restraint on the power of the State's Attorney to enter a *nolle prosequi* on any bill of indictment, with the concurrence of the Court, provided the case has not been submitted to the Jury.

[2.] The 18th section of the XIV. division of the Penal Code, allowing any person against whom a true bill of indictment is found for an offence not affecting life, to place on the minutes of the Court a demand for a trial,

Durham *vs.* The State of Georgia.

either at the term when the indictment is found, or at the next succeeding term thereafter, and entitling the accused to be absolutely discharged and acquitted of the offence, if such person is not tried at the term when the demand is made, or at the next succeeding term thereafter: *Provided*, that at both terms there were Juries impanneled and qualified to try the prisoner—is imperative in its language, and admits of no exceptions. Trial or acquittal are the only alternatives.

Indictment for perjury, in Dooly Superior Court. Decision by Judge WARREN, November Term, 1850.

At the May Term, 1850, of Dooly Superior Court, Hardy Durham was indicted for perjury. The perjury assigned, was upon an affidavit to a bill filed for the review of a former decree, rendered in Dooly Superior Court. At that term, the defendant demanded a trial, in terms of the provision made in the Penal Code, and placed his demand upon the minutes. At the November Term, 1850, when 'the case was called in its order, the defendant announced himself ready for trial. Whereupon, the Solicitor General desired the Court to enter a *nolle prosequi*, stating that he was induced so to do, for the reason that the indictment was fatally defective. The counsel for defendant then moved the Court for an order of discharge from the offence stated in the indictment. The Court refused the motion, and allowed the *nol. pros.* to be entered. Which decision was excepted to, and is assigned as error.

Afterwards, and at the same term of the Court, a new bill of indictment was preferred and found against the defendant for perjury, assigned upon the same affidavit, " and embracing substantially the same offence." When the same was called in its order for trial, the defendant announced himself ready. The counsel for the State then moved a continuance. Whereupon, defendant, by his counsel, moved for an order of discharge and acquittal —the case being finally called, and a Jury being in attendance, impanneled and qualified to try the case. Which order was refused by the Court—Judge Warren holding that the first indictment was so defective that an acquittal would furnish no bar to a second indictment for the same offence. The motion by the

State for a continuance was then granted. These decisions are assigned as error.

I. L. HARRIS and S. T. BAILEY, for plaintiff in error.

B. HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A true bill for perjury having been found against Hardy Durham, in the Superior Court of Dooly County, the indictment was called in its order, at the November Term, 1850, of said Court, and the defendant was required to announce whether or not he was ready for his trial. He answered that he was ready. Whereupon, the Solicitor General moved to enter a *nolle prosequi* in the case, for the purpose, as he alleged, of preferring another and more perfect bill against the accused. This proceeding was resisted on the part of Durham, on the ground that at the previous May Term of the Court, when the indictment was found, he had placed upon the minutes of the Court a demand for his trial, in terms of the Penal Code; and that not having been tried then, he was entitled to be tried now, or discharged from the offence. The Court allowed the *nolle prosequi* to be entered, but refused to discharge the prisoner. A new bill was preferred and found for the same offence as that specified in the first indictment; which being called in its order on the criminal docket, and the defendant being again required to say whether or not he was ready for his trial, answered, as before, that he was ready. Whereupon, the Solicitor General applied for a continuance of the cause, on the part of the State, which was opposed by the accused, who still insisted that, under the law, it was his right to be tried or acquitted at that term of the Court. The Court granted the continuance, but refused the application for the discharge of the defendant; and to reverse these several rulings, this writ of error is brought.

The case rests entirely upon the construction to be put upon the 18th section of the XIV. division of the Penal Code, which

Durham *vs.* The State of Georgia.

is in these words : " Any person against whom a true bill of indictment is found, for an offence not affecting his or her life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter ; which demand shall be placed upon the minutes of the Court, and if such person shall not be tried at the term when the demand shall be made, or at the next succeeding term thereafter, *provided*, that at both terms there were Juries impanneled and qualified to try such prisoner, then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment." *Prince,* 661.

[1.] The view we take of the clause in this Code is this : Notwithstanding the demand for a trial made by the defendant, and put upon the minutes, it is the right of the State to enter a *nolle prosequi* upon the first or any subsequent bill or bills of indictment that may be found against the defendant for the same offence, either for defects in the pleadings, want of proof or any other cause, if the case has not been submitted to the Jury.

[2.] But we are clear that the accused must be tried at the term when the demand is made, or at the next succeeding term thereafter : *Provided*, that at both of these terms there were Juries impanneled and qualified to try the prisoner, or in default thereof, he *shall be* absolutely discharged and acquitted of the *offence* with which he stands charged. The Statute is imperative, and it means this, or it means nothing. It was wisely and humanely framed to carry into effect that provision of the Constitution which declares, that "in all criminal prosecutions, the accused shall enjoy the right to a *speedy* and public trial." *Prince,* 900. And this construction imposes no great burthen upon the State. She has at her command ample means of collecting testimony and preparing for trial; she can recognize witnesses to appear and testify ; she can coerce their personal attendance from all parts of the State, and provision is made to defray their expenses ; she cannot be taken by surprise, as six months previous notice has to be given that a trial will be claimed. If, under such circumstances, she is not ready, the Legislature, to remedy the evil under the English practice, of suffering the Crown to delay the prosecution until it suited its purposes to ter-

minate it, has interposed this statutory bar or limitation. It is one of the great safeguards thrown around the citizen to protect him from unreasonable and vexatious procrastination and harrassment.

The first application made by the defendant for his discharge, being immediately consequent upon the discontinuance of the first indictment, and during the progress of the Court, we hold was premature, and was, therefore, properly rejected. But the last application having been made after the second indictment was called in its order on the criminal docket, and continued, we have a right to assume, what was not disputed in the argument, that it was the only opportunity left to the State to bring this prosecution to a close, and that having failed or refused to do so, the accused was then in order to move for his discharge from the offence, and that it was error in the Court to deny it, either on account of the insufficiency of the antecedent indictment, or for any other cause. The Act makes no exceptions—none are admissible by the Courts.

Judgment reversed.