No. 11.—George W. Kerese, plaintiff in error, *vs.* The State of Georgia, defendant in error. *The Same vs. The Same. The Same vs. The Same.*

[1.] Where a demand for a trial is made, in pursuance of the 18th section of the 14th division of the Penal Code, and a Jury is impanelled and qualified to try the prisoner, both at the term when the demand is made, and at the term when his discharge is moved, and he is not tried, he is then entitled to be *absolutely discharged and acquitted of the crime charged in the indictment*.

Kerese *vs.* The State of Georgia.

Three indictments in Dooly Superior Court. Decision by Judge WARREN, May Term, 1851. Heard together in this Court, by consent.

George W. Kerese was arraigned on three several indictments in Dooly Superior Court—two for simple larceny, and one for, an attempt to commit a burglary; and at November Term, 1850, demanded a trial on each, in terms of the Statute in such cases made and provided, which demand was entered on the minutes. At May Term, 1851, he again demanded a trial on each, which being denied him by his counsel, he moved for an order of discharge.

The Court refused the order, on the ground, that the Court had not time to try these cases; the criminal docket having been called on Wednesday morning, and the balance of the term occupied in the trial of a criminal cause, involving capital punishment, these causes not being called in their order on the docket.

The defendant filed a bill of exceptions in each case, and by consent they were heard together in this Court.

S. T. BAILEY, for plaintiff in error.

Sol. Gen. PERKINS, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The plaintiff in error was entitled to a discharge. No law in the Digest is plainer than the Penal Code upon this subject, and we could sustain the judgment of the Court below, only by judicial legislation. The Code declares that a demand for a trial being entered on the minutes, if the demandant " shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, *provided*, that at both terms there were Juries impanelled and qualified to try him, then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment." *Prince*, 661. This Statute is not open to construction. One of the first rules to guide a Court in apply-

ing a Statute, is never to *undertake construction*, where the law is perfectly plain. This is perfectly plain, and its meaning is neither absurd, impossible of enforcement, or unreasonable. It is, in our judgment, a humane and highly expedient law ; designed to protect the citizen from the vexation, expense, and very often injustice of a trial long delayed. If the demand is made then, there is but one single condition precedent to trial or discharge, and that is, that a Jury at the term when it is made, and also at the term when the discharge is made, be impanelled and qualified to try the · prisoner. If there is at these terms, a Jury impanelled, who are qualified to try the prisoner, and he is not tried, *then,* says the law-making power of this Commonwealth, "he shall be absolutely discharged, and acquitted of the offence charged in the indictment." Can anything be freer from ambiguity ? We can add no qualifications or limitations to this Act —we can create no exceptions, and can make no additions. It is said that in this case, the Court *had not time* to try the prisoner. That may be. The Legislature makes no remission of the operation of this Act for that cause. We are to presume that they looked to all the circumstances of the case, and with an eye open upon them all, passed the law as we find it. It is said that this ruling will turn out one-half the criminals before the Courts, without a trial. We do not believe this ; but if it be true, what better answer to such a suggestion, than that the Legislature have so ordered it ? No Court has the right to correct legislative errors, or to eke out legislative deficiencies. We do not, however, think that the law as it stands, is a bad law. Far from it. If it is found under this decision to work badly, the Legislature will, no doubt, apply the corrective. The Court *must* try, or the prisoner *must* be discharged. If he is to wait for the *time* of the Court—if he is to wait until in due course his case is called for a hearing, before he is entitled to a trial or a discharge, it is manifest that in many Counties of this State, this law will be, as to him, a dead letter. In some, when the dockets have grown large and are greatly in arrear, a prisoner in jail, and an innocent man, might, notwithstanding the Act, lie there for a longer term,

than if guilty, the law would imprison him.   Just such a thing, this law was, among other things, intended to prevent.

This Statute has been before us several times.   Without entering more at large upon the general views of it, I refer to *Denny vs. The State of Georgia*, (6 *Geo. R.* 492,) and to *Durham vs. The State of Georgia*, 9 *Geo. R.* 308.

Let the judgment be reversed.