No. 36.—JNO. D. DACEY, plaintiff in error, *vs.* THE STATE OF GEORGIA.

[1.] A motion to place on the minutes, a demand for trial of a criminal case, which the State had continued, is made. The motion is again and again temporarily postponed; after the last postponement, and before the dismissal of the Jury, the Court inquires of the counsel and the parties in Court, whether there were any other Jury trials. No response is made. The Juries are dismissed, and after that, the defendant insists upon his motion: *Held*, that he might do so.

Motion, in Bibb Superior Court. Decision by Judge POW-ERS, November Term, 1853.

The case of the State *vs.* Jno. D. Dacey being called, defendant announced himself "ready," and the same was continued by the State. Defendant then moved to place a demand for trial on the minutes. Some discussion arising upon the sufficiency of the bond, the motion was postponed for the present. Afterwards, the motion was called up, but defendant not being present in Court, it was again laid over. After the Jury were discharged, defendant again insisted on his motion, which was refused by the Court, on the ground that the Court more than once, before the discharge of the Jury, inquired of counsel if there were any other Jury trials, and defendant did not then move in his cause.

This decision of the Court is assigned as error.

LOCHRANE and WHITTLE, for plaintiff·in error.

Sol. Gen. DEGRAFFENREID, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The eighteenth section of the fourteenth division·of the Penal Code, is as follows : "Any person against whom a true bill of indictment is found for an offence, not affecting his or her life, may demand·a trial at the term when the indictment is found, or at the next succeeding term thereafter, which demand shall be placed upon the minutes of the Court, and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, *provided*, that at both terms there were Juries empannelled and qualified to try such prisoner ; then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment."

In this case, the defendant moved to place a demand for trial on the minutes of the Court. The motion was entertained by the Court, but its decision was temporarily postponed. Afterwards, the motion was called up, "but defendant being then out of Court, the same was passed by for the time ".

This still left the motion a motion pending for disposition— a motion not disposed of for the term.

Afterwards, the movant insisted upon the motion. This he did not do, however, until the Juries had been discharged. The Court over-ruled the motion, on the ground, that before the "Jurors were dismissed,"·it had "called on the counsel and parties in Court, more than once, to know if there were any other Jury trials, and if there were none others, the Juries would be dismissed".

·Now, these calls of the ·Court, were·not the.·same thing as would·have been a call of the motion. ·The case had been continued by the State ; how, therefore, could the defendant, though himself ready for trial, say there was a case for trial? For aught that appears,·it would·have been his duty to say, in response to these calls, if he had said anything, that, as far as

he knew, there was no case for trial. That, the continuance on the part of the State, would have justified him in saying. It was not, therefore, incumbent on the defendant to make any response to these calls, on the part of the Court. In failing to make response, therefore, he did not waive his motion.— That, notwithstanding those calls, and the silence of the defendant under them, was a motion still pending for disposition, at that term. That being so, the Court could do but one of two things—allow the motion, or grant the defendant a trial. The Court did neither, but over-ruled the motion, and so prevented the defendant's demand for a trial, from being entered on the minutes.

We think the Court should have permitted the demand to be entered on the minutes. The Statute is very—very broad.

The demand ought to be considered as having been entered of the term at which it was made.