THOMAS A. WATTS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

A demand to entitle the accused to a discharge under the 18th section of the 14th division of the Penal Code, must be made, not later than the second Term after the indictment is found.

The State may continue a criminal cause without being compelled to make a showing.

Adultery, in Sumter county.   Decision by Judge ALLEN, March Term, 1858.

When this case was called, the Solicitor General asked the Court to continue it, and defendant objected.

At September Term, 1857, defendant made demand for trial in terms of the statute, there being a jury empanneled and qualified to try him, which was entered on the minutes. At March Term, 1858, defendant again demanded a trial and moved to have the same entered on the minutes, which the Court refused, and defendant excepted.

Counsel for defendant then moved he be discharged and acquitted of said offence, if a trial was again refused, and requested the Court to have said motion entered on the minutes; both which said motions, the Court refused, and defendant again excepted.

Defendant then objected to the continuance of said case, upon the ground of said demand having been made at the previous Term, and that the State had no right to continue a case upon motion, without any showing made, and there was none made here.

The Court overruled defendant's objection, whereupon defendant excepted. And on these several exceptions assigns error.

TUCKER & BEALL, for plaintiff in error.

Sol. Gen'l, EVANS, for defendant in error.

Watts vs. The State.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Both points in this case are fully covered by a decision made by this Court at Atlanta, last March; and not yet published. I refer to the case of *Price vs. The State.*

The 18th section of the 14th division of the Penal Code, authorizes the defendant in all other than capital felonies, to demand a trial at the Term, when the indictment is found, or at the next succeeding Term thereafter; and if the accused shall not be tried at the Term when the demand is made, or at the next succeeding Term thereafter; *provided*, that at both Terms, there were juries empanneled and qualified, to try the prisoner, then he shall be absolutely discharged, and acquitted. *Prince* 661.

Can the privilege here given, be extended beyond the second Term of the Court, without adding to the statute? Principle would seem to forbid this interpretation, however necessary and proper, such a provision may be. And then, as to the expediency of giving to this clause of the code the construction claimed for it, Circuit Judges and Solicitors, unite with one voice in assuring us, that the practical operation of this exposition of the law, is highly prejudicial to the enforcement of the criminal justice of the country.

As a matter of principle then, as well as of policy, we are inclined to return to the plain language of the law. Nobody has been hurt; no contracts vacated; no wills set aside. We do not say, either, that prisoners are without remedy. We are not prepared to hold, that they may not force a trial, by giving notice to the State, under the rule of the common law. 1 *Chitty's Crim. Law,* 397, 489.

The provision in the code, may have been intended as a substitute for this common law rule. If so, it needs legislation.

As to the complaint against the practice of allowing the State to continue without being compelled to make a showing, it is not decreed, that it is in accordance with the Eng-

lish practice, and we are not aware, that it has been changed by our code. The same result would follow, provided the State were coerced to trial against her will. A *nol. pros.* would be entered ; and the prosecution renewed.

Let the Legislature speak authoritatively upon both of these questions.

Judgment affirmed.