## DUBLIN *v.* THE STATE.

The accused was arraigned at the June term, 1906, of a city court, upon an accusation charging him with a misdemeanor. He interposed a special plea in bar, which averred, that during the September term, 1905, a demand for trial was duly entered upon the minutes, but he was not tried during that term, although there was a jury empaneled and qualified to try him; that at the next succeeding term, to wit, the March term, 1906, he was present in court ready for trial, insisting on a trial, but was not tried; that there was a jury empaneled and qualified to try him at that term; that he moved for a discharge and acquittal, but the judge refused to grant it, upon the ground that there would be an adjourned term of the court, at which he would be tried; that the adjourned term was not held, and the March term was finally adjourned on the third Monday in May. *Held,* that under the facts alleged in the special plea, the accused was entitled to an acquittal and a discharge; and it was error to strike the plea on demurrer.

Submitted October 17,—Decided November 8, 1906.

Accusation of misdemeanor.   Before Judge Park.   City court of Sylvester.   August 13, 1906.

The accused was arraigned in the city court of Sylvester at the June term, 1906, upon an accusation charging him with a misdemeanor. He interposed a special plea in bar, the averments of which were, in substance, as follows: The accusation was pending in the city court at the September term, 1905, and during that term

the accused, in writing, demanded a trial, the demand being in the terms of the statute. This demand was by the order of the court placed upon the minutes. At that term there was a jury empaneled and qualified to try the accused, but he was not tried. At the next regular succeeding term, to wit, the March term, 1906, there was a jury empaneled and qualified to try the accused. The accused was present, ready for trial, and insisting on a trial, but was not tried. The March term began on the fourth Monday in March, was in daily session for about two weeks, and was then adjourned until the third Monday in May. The accused, through his counsel, stated to the presiding judge in open court that he insisted on a trial, calling attention to the demand above referred to. The judge refused to grant a discharge or allow a trial, stating that an adjourned term would be held at which all cases in which demands had been made would be tried. The adjourned term was not in fact held, and the March term was finally adjourned on the third Monday in May. These facts are pleaded as reasons for an absolute discharge and acquittal of the offense charged in the accusation. Upon the special plea being filed, the judge passed the following order: "Upon reading of the plea and oral motion to discharge the defendant, the same is hereby overruled." The accused excepted. The trial proceeded and the accused was convicted. In his bill of exceptions he assigns error upon the ruling last stated, upon the refusal to grant a new trial, and upon the overruling of a demurrer.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

Cobb, P. J. (After stating the foregoing facts.) Both counsel for the State and for the accused, in their briefs, treat the order of the judge as in effect striking the plea upon demurrer, and we will so consider it. The 18th section of the Penal Code of 1833 provided, that any person charged with an offense not capital might "demand a trial at the term when the indictment was found, or at the next succeeding term thereafter," and that if a trial was not had at the term when the demand was made, or at the next succeeding term, the accused should be absolutely acquitted and discharged of the offense, provided that at both terms there were juries empaneled and qualified to try the accused. Cobb's Dig. 836. In *Denny* v. *State,* 6 *Ga.* 491, the section of the Penal Code above re-

ferred to was construed to authorize a demand for trial at the first, second, or any subsequent term. In *Jordan* v. *State,* 18 *Ga.* 532, Judge Lumpkin expressed a doubt as to whether the ruling in *Denny's* case was a sound construction of the code, either upon principle or policy. In *Price* v. *State,* 25 *Ga.* 133, it was held that a demand for trial must be made not later than the second term, the decision in *Denny's* case being in terms overruled. In *Watts* v. *State,* 26 *Ga.* 231, the ruling in *Price's* case was followed and approved. This decision was rendered in 1858. In 1859 (Acts 1859, p. 60) the General Assembly amended the 18th section of the Code of 1833, so as to authorize in terms a demand for trial to be entered at the term when the indictment or presentment was found, or at any subsequent term thereafter. This was the state of the law at the time the Code of 1863 went into effect. The 18th section of the Code of 1833 appears in that code with some changes. Under the provisions of that code the demand may be entered as a matter of right at the first or second term, and at any subsequent term by special permission of the court. Code of 1863, § 4534. Such is the law at the present time. Penal Code, § 958.

It appears from the averments of the plea that a demand for trial was entered according to the terms of the Penal Code, above referred to. As a matter of fact, it appears from the record that this demand was entered at the second term of the court; but this is immaterial, as, no matter at what term it was entered, if it was entered and allowed by the court, the accused is entitled to all of the rights accorded by the provisions of the statute. When the demand was entered, whether as matter of right at the first or second term, or by special permission of the court at a subsequent term, the State, by the terms of the statute, was bound to try the accused at the term when the demand was entered or at the next succeeding term. Trial or acquittal are the only alternatives. *Durham* v. *State,* 9 *Ga.* 306; *Kerese* v. *State,* 10 *Ga.* 95. If the accused makes a motion for a continuance in the case and the same is granted, or does any other act showing affirmatively that he consents to a postponement of the case until a subsequent term, a waiver of his right to insist upon the demand will result. *Walker* v. *State,* 89 *Ga.* 482. If there is a mistrial in the case, or if the accused is convicted and a new trial granted, the accused will not lose his rights under the

demand, but he will be entitled to a trial or discharge at the next succeeding term. *Gordon* v. *State,* 106 *Ga.* 121, and cit. It has been held that it is not even incumbent upon the accused, in order to save his rights under the demand, to make any response to a question from the court as to whether there were any other jury trials to be had. He may remain silent, allow the jury to be discharged, and then insist upon his demand. The demand upon the minutes is notice to the judge and prosecuting officer of its existence. *Dacey* v. *State,* 15 *Ga.* 286. In reference to the general subject of the rights of the accused under a demand duly entered, see *Hunley* v. *State,* 105 *Ga.* 636; *Stripland* v. *State,* 115 *Ga.* 578; 4 Michie's Ency. Dig. Ga. Rep. 17 et seq.

The facts alleged in the special plea must be taken to be true. They show that a demand for trial was duly entered upon the minutes, that the accused was not tried at the term at which the demand was made, that he was not tried at the next succeeding term thereafter, and that there were juries qualified and empaneled to try him at both terms. His right to a discharge and acquittal under the terms of the statute seems to be complete. It is said, though, that he ought to have moved for a discharge and acquittal at the second term, and his failure to do so resulted in a waiver of any right he might have under the demand. He called attention to his demand during this term. He insisted upon it. The judge refused to try him, and refused to discharge him, for the reason that an adjourned term of the court was to be held, at which he and others in the same situation were to be tried. Under these circumstances the judge was authorized to refuse his discharge. But the failure to hold the adjourned term was not chargeable to any act of the accused. When that term finally adjourned without a trial, he was entitled to be discharged. It would certainly be anomalous to hold that when his right to a discharge resulted from a failure to hold the term, this right would be waived by his failure to move for his discharge, when no opportunity was given him to make this motion. He could not make the motion until the succeeding term. When he made it at a succeeding term he was entitled to an order discharging and acquitting him of the offense charged in the accusation. The judge erred in striking the special plea.

<div align="center">

*Judgment reversed. All the Justices concur.*