### 2356. COLLINS v. SMITH, Governor.

1. In a proceeding to forfeit a recognizance in a criminal case, it is not necessary that it be alleged in the scire facias that the case was called in its order on the docket, or that the State had announced ready for trial, before forfeiture of the bond. If the case was called out of its order, or there was no such announcement, this would be a matter of affirmative defense.

2. The court erred in striking the surety's answer to the scire facias.

(a) If, by reason of failure to try the defendant at the term succeeding that at which a demand for trial was entered, he is discharged, the appearance bond given by him becomes functus officio, and the surety is discharged.

(b) Failure to try the defendant at the term at which he demands trial, or at the next succeeding term (the necessary statutory requisites appearing), operates as a complete discharge and acquittal, whether an order discharging him be granted or not, unless the demand has been waived by some act of the defendant.

(c) The formal entry of discharge can be made at any time nunc pro tunc, and should be so made whenever the interest of justice requires.

Forfeiture of recognizance; from city court of Camilla—Judge Scaife. December 2, 1909.

Argued February 24,—Decided April 19, 1910.

*R. J. Bacon,* for plaintiff in error. *S. S. Bennet,* contra.

RUSSELL, J. In response to the rule nisi calling upon Collins to show why a criminal recognizance on which he was surety for the appearance of one Holmes should not be forfeited, the surety demurred to the scire facias generally, upon the ground that the proceeding set forth no cause of action, and especially because the scire facias failed to show that the case of his principal was called in its order on the docket, and that when it was so called the State was then and there ready for trial. The court overruled the demurrer, and exception is taken to this ruling.

1. We think the court properly overruled the demurrer. The general demurrer was ineffectual unless the special demurrer was sustainable and no amendment was made in conformity with the insistence of the special demurrer. The special demurrer was properly overruled, because the scire facias was drawn in accordance with the rules laid down for the forfeiture of recognizances.

See *Park* v. *State,* 4 *Ga.* 333, and *Spicer* v. *State,* 9 *Ga.* 49 (3) ; also Van Epps' Form Book, 927. If, as a matter of fact, the accusation against the principal on the bond was called out of its order, and if the State failed to announce ready, this was a matter of affirmative defense, and should have been set up in the answer. The point could not be reached by demurrer; because, in the absence of any allegation upon the subject, it is to be presumed either that the criminal docket was called in its order, or, if the case against the principal on the bond was called out of its order, that the court did not permit the forfeiture except upon an announcement, on the part of the State, of its readiness for trial. It is to be presumed that the case against the principal on the bond was called regularly. It is alleged that he was duly called. *Cowart* v. *Page,* 59 *Ga.* 235 ; *Porter* v. *Holmes,* 122 *Ga.* 780 (50 S. E. 923).

2. We think that the court erred in striking the answer of Collins, which set up that the defendant had demanded a trial and that the State had failed to try him upon his demand; for it appears, from the answer, that there was no reason for not trying the defendant upon his demand, although the case had already been once tried at the second term and had resulted in a mistrial. See *Nix* v. *State,* 5 *Ga. App.* 835 (63 S. E. 926). The only question that can arise is whether, although the effect of the State's failure to try the accused was equivalent to an acquittal, so far as the criminal charge was concerned, such right of discharge on his part would relieve the surety upon his bond, in the absence of an order formally discharging and acquitting the accused. We are of the opinion that when the State failed to try the defendant, and the term of the court at which he should have been tried was adjourned, he was as completely discharged as he would have been by a verdict of acquittal at the hands of the jury, or (so far as the bond is concerned) as if he had been surrendered by his surety in the event of his conviction. This is the inevitable result of the rulings cited in *Nix* v. *State,* supra. Nor was it necessary to his acquittal that any formal order of discharge or acquittal should have been entered by the court. The formal entry of discharge upon demand can be made at any time, nunc pro tunc, and should be made whenever justice requires it. This being true, the criminal recognizance becomes functus officio, and the surety is released. The answer of the surety set up a good defense.        *Judgment reversed.*