### 9045.   MAGER *et al. v.* THE STATE.

BLOODWORTH, J.   1.   "When a demand for trial is entered in a criminal case either as a matter of right or by special permission, the State is bound to try the accused at the term when the demand is entered or at the next succeeding term.   Trial or discharge are the only two alternatives."   *Nix* v. *State,* 5 *Ga. App.* 835 (63 S. E. 926); *Flagg* v. *State,* 11 *Ga. App.* 37 (74 S. E. 562); *Collins* v. *Smith,* 7 *Ga. App.* 653 (67 S. E. 847); *Thornton* v. *State,* 7 *Ga. App.* 752 (67 S. E. 1055); *Walker* v *State,* 89 *Ga.* 482 (15 S. E. 553); *Kerese* v. *State,* 10 *Ga.* 95; *Durham* v. *State,* 9 *Ga.* 306.

2.   The fact that a mistrial was declared at the next term after the defendant had made demand for trial is not a reason for refusing his discharge.   "The court could have put the defendant on trial before another jury at the same term of the court."   *Little* v. *State,* 54 *Ga.* 24, 25; *Collins* v. *Smith,* supra.

3.   Where at the term in which a discharge would be effective under a demand the accused was tried and a mistrial declared, he should remain in attendance on the court, but "it is not incumbent upon him to take further . . steps to bring the case to trial, and he does not waive it by remaining silent and not calling the attention of the court to the matter thereafter. . .   The State is the pursuer; he is the pursued; until the State moves towards him he may remain still. . .   If the State neglects to try him within the time prescribed by law, it operates as a conclusive and final abandonment of the prosecution."   *Thornton* v. *State,* supra.   While voluntary absence of the defendant on the call of his case would be a waiver of his demand, yet, before the State can take advantage of this, the case must be called by the prosecuting attorney and the defendant given an opportunity to respond.   Especially is this true when the judge, in the order overruling the application for discharge, says:   "However, in justice to the defendants, the court states that this case had been assigned for trial on the date of the mistrial, there being a number of non-resident witnesses, and was neither

set for trial nor called for trial at any subsequent date during said
term of court." The statement by the trial judge, in this order, that
the defendant was not in attendance on the court during the remainder
of the term after the mistrial would not be sufficient in itself to show
the "voluntary absence" of the defendant.

*Judgment reversed.* *Broyles, P. J., and Harwell, J., concur.*
DECIDED OCTOBER 31, 1917.

Accusation of larceny; from city court of Cartersville—Judge
Aubrey. June 15, 1917.

*James R. Whitaker, John S. Wood,* for plaintiffs in error.
*Watt H. Milner, solicitor,* contra.