### 11048.  THRASHER *v.* THE STATE.

Refusal to discharge the accused on the ground that he had not been tried at the first or the second term after demand for trial was not error, under the facts of this case.

It was not error to give in charge to the jury section 1013 of the Penal Code (1910).

The extent of the punishment imposed by the sentence of the court can not properly be made a ground of a motion for a new trial.

The evidence authorized the verdict, and no error of law appears.

               Decided March 2, 1920.

Indictment for larceny from house; from Fulton superior court —Judge Humphries.  October 25, 1919.

*John P. Haunson,* for plaintiff in error.

*John A. Boykin, solicitor-general, E .A. Stephens,* contra.

Bloodworth, J.  1.  A true bill was returned against accused on October 15, 1917.  At the November term, 1918, a demand for trial was made, and it was overruled "on the ground that there was no jury in session, that the demand was not in proper form, and that there had been more than two terms of court preceding said demand."  Notwithstanding the refusal of the judge to allow the demand, the exceptions pendente lite dated July 2, 1919, recited that "said demand was spread upon the minutes of said court on December 26, 1918, and since that time two terms of court have passed by, the January term, 1919, and the March term, 1919, and now is the May term or third term of said court; the above case is set for trial on June 11th, 1919. Whereupon counsel for defendant made a motion that defendant

be discharged, on the ground that two terms, excluding the November term, 1918, had elapsed without bringing said defendant to trial, and that automatically he was discharged by operation of law, but it was proper that the discharge be formally ordered and signed by the judge to clear the proof."

The court did not err in refusing to order the discharge of the defendant. The Penal Code (1910), § 983, provides that "Any person against whom a true bill of indictment is found, for an offense not affecting his life, may demand a trial at the term when the indictment is found; or at the next succeeding term thereafter, or at any subsequent term, by special permission of the court, which demand shall be placed upon the minutes of the court." In construing this section Mr. Justice Cobb, in *Dublin* v. *State*, 126 *Ga.* 582 (55 S. E. 487), after referring to the Code of 1863, said: "Under the provisions of that code, the demand may be entered as a matter of right at the first or second term, and at any subsequent term by special permission of the court. Code of 1863, § 4534. Such is the law at the present time. Penal Code, § 958 [now 983]." Following this construction, except in cases affecting life, the accused may enter a demand as a matter of right "at the term when the indictment is found or at the next succeeding term thereafter." After the second term no demand can be entered except "by special permission of the court." If the demand is made after the second term from the finding of the indictment, and is denied, this ends the matter unless exceptions pendente lite to the refusal are filed and approved. In this case the exceptions pendente lite were to the refusal of the court to discharge the defendant under the alleged demand, and not to the refusal of the court to allow the demand. See, in this connection, *Dublin* v. *State,* 126 *Ga.* 582 (55 S. E. 487); *Moore* v. *State,* 63 *Ga.* 165; *Roebuck* v. *State,* 57 *Ga.* 154; *Couch* v. *State,* 28 *Ga.* 64.

2. In ground 6 of the motion for new trial, as it appears in the record, there is nothing that would authorize the grant of a new trial.

3. Section 1013 of the Penal Code (1910) was applicable to the facts in the case, and the court did not err in giving it in charge to the jury, as alleged in ground 10 of the motion for a new trial, in which it is contended that the charge was "a suggestion to

the jury that the falsity of the testimony or the allegations is immaterial if they believe the defendant guilty."

4. Under the facts of the case, and when considered in connection with the entire charge of the court, there is no error in the excerpts from the charge complained of in grounds 12 and 13 of the motion for a new trial.

5. "Objection that the sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, cannot be properly made the ground for a motion for a new trial." *Sable* v. *State*, 22 *Ga. App.* 768 (97 S. E. 271), and cit.

6. No error of law appears; the jury is the final arbiter of the facts, the judge, who saw and heard the witnesses, approved the finding of the jury, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke J., concur.*