### 11670. ODOM *v.* THE STATE.

1. Error in refusing to have the demand for trial entered on the minutes, and in not sustaining at the next term of the court a special demurrer to the answer of the solicitor-general, is immaterial, in view of the proceedings at the succeeding term.
2. Refusal to discharge the accused on the ground that he had not been tried at the first or the second term of the court after demand for trial was not error, under the facts of this case.

DECIDED NOVEMBER 9, 1920.

Indictment for possession of intoxicating liquor; from Muscogee superior court — Judge Howard. June 19, 1920.

*George C. Palmer,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

BROYLES, C. J. 1. Any person indicted for an offense not affecting his life may demand, as a matter of right, a trial at the term when the indictment is found, or at the next term thereafter (Penal Code of 1910, § 983; *Dublin* v. *State,* 126 *Ga.* 580, 55 S. E. 487); and it is the duty of the judge to have the demand placed upon the minutes of the court, provided that a jury qualified to try the defendant is impaneled at the time when the demand is made. This is true even though the defendant may have temporarily absconded or concealed himself from the officers of the law, provided he appeared in court and made his demand for trial before the adjournment of the term, and before the juries qualified to try him had been discharged. See, in this connection, *Hall* v. *State,* 21 *Ga.* 148.

(*a*) Under the above ruling and the facts of the instant case the court erred in refusing to have the defendant's demand for a trial spread upon the minutes of the court, and in not sustaining at the next term of court some of the defendant's special demurrers to the answer of the solicitor-general. These errors,

however, were harmless in view of the further proceedings in the case at the succeeding term of the court.

2. Ordinarily, where a defendant has·made a demand for trial, and the demand has been, or should have been, placed upon the minutes of the court, the State at the next succeeding term of court must give the defendant a trial. And it is not usually necessary for the defendant at the latter term to make another demand for trial, or even to call the attention of the court to his case. However, where at the latter term the case is called for trial in its regular order on the docket, or, by consent of the defendant's counsel, out of its regular order, and the defendant fails to answer to his name and is not present in court, then the State has done all that it is required to do in the premises, unless the defendant subsequently during .the term of the court, and when a jury qualified to .try him is impaneled, appears in court and notifies the court of his presence. In the instant case it appears from the affidavit of the solicitor-general that, by the consent of the defendant's counsel, the case was called for trial at the next term after the term of the court at which the defendant's demand was made, and that the defendant failed to answer to his name and was not present in court. It is true that counsel for the defendant in his affidavit stated that the solicitor-general had agreed to pass his cases for that week, and that he (defendant's counsel) did not consent to the calling of this case for trial. As to this question of fact however the judge was the trior, and his finding thereon cannot be set aside by this court. It further appears that defendant's counsel had the defendant in court on every day of the following week, but it is not shown that the judge or the solicitor-general was notified of the defendant's presence, or that either of them knew of it. Under these circumstances, the court did not err in denying the defendant's motion, made after the juries qualified to try him had been discharged, to absolutely discharge and acquit him of the offense charged. This ruling is not in conflict with the decision in *Mager* v. *State, 21 Ga. App.* 139 (94 S. E. 82), and the cases there cited, as the facts of the instant case are substantially different from the facts of those cases.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*