## 31875. MARCUS *v.* THE STATE.

DECIDED MARCH 2, 1948.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is a well-established rule in this State that, when a motion for a new trial is based on the general grounds, and there is sufficient evidence to support the verdict and it has been approved by the trial judge, such judgment will not be interfered with by this court. See *Pafford* v. *State,* 35 *Ga. App.* 255 (132 S. E. 781); *Foster* v. *State,* 43 *Ga. App.* 427 (159 S. E. 141); *Butler* v. *State,* 47 *Ga. App.* 305 (170 S. E. 382); *Brown* v. *State,* 154 *Ga.* 54 (113 S. E. 161). The verdict of the jury in the instant case is supported by the evidence. It has the approval of the trial judge. The general grounds of the motion for new trial are without merit.

■ Special ground 1 assigns error on the admission of the following testimony: Leonard Cason, the prosecutor, being recalled as a witness for the State, testified: "There was a whisky still over there near me previous to this, and I did turn up that still, or helped Mr. Frank Rogers to. I told Mr. Rhodes, the Federal man, about it, and I know that Mr. Rhodes tore it up. I told them it was this boy's still (meaning defendant's). That was about the 20th day of April this year when I turned this still up, it was torn up that same day. This still was located on Mrs. Clyde Hunt's place."

The following objection was made by the defendant to the admission of this testimony: "That it would certainly not have any probative value whether there was a still there next to him (defendant) or not; that such evidence was inadmissible, immaterial, and prejudicial, and did not illustrate any issue in the case, the fact that the witness said he found a still, that he turned up that still, and told it belonged to the defendant."

When Leonard Cason was first on the stand under cross-examination by counsel for the defendant, he testified as follows: "I said that he told me that I had turned up his still, I was not the very man that had been doing the distilling. That was not my still and I was not afraid he would turn me up."

Counsel for the defendant then made no motion to withdraw this testimony. When this witness was recalled by the State and gave the testimony objected to, which was in explanation of the testimony he gave in answer to a question by counsel for the defendant, counsel for the defendant could not, at this time, object to this testimony for the reason that it had been allowed to go before the jury prior to the objections without any objection being made by counsel for the defendant. See, in this connection, *Cox* v. *State*, 64 *Ga.* 375 (the last part of headnote 9), as follows: "As the jury already have before them doubtful or objectionable matter, and there is no motion to withdraw it, the repetition of it by another witness, though objected to, may be treated as not sufficiently material to require a new trial."

Ground 1 of the amended motion for new trial is without merit.

■ Special ground 2 assigns error on the ground that the court erred in charging the jury as follows: "If you do not believe the defendant guilty of any offense under this bill of indictment, or if you entertain a reasonable doubt of his guilt, it would be equally your duty to acquit him, and in that event the form of your verdict would be . . . 'We, the jury, find the defendant not guilty,'" and the following: "And now, also, if you believe that the defendant has established his defense of alibi, which the court has already given you in charge, you would not be authorized to find him guilty."

The defendant contends that the latter part of this charge, regarding the defense of alibi in connection with that part of the charge which refers to reasonable doubt—the court using as an introduction the language "and now also"—infers that the defendant would have to establish his defense of alibi beyond a reasonable doubt, and not as the law provides, by a preponderance of the evidence. Elsewhere in his charge the trial judge fully and properly instructed the jury with reference to the defense of alibi and the degree of proof required to establish it.

The charge of the court taken as a whole does not show any error harmful to the defendant. If, after consideration of the whole charge, it does not appear that an error prejudicial to the defendant was committed, no new trial will be granted. See, in this connection, *Horton* v. *State*, 21 *Ga. App.* 120 (93 S. E. 1012); *McDonald* v. *State*, 21 *Ga. App.* 125 (94 S. E. 262); *Walker* v.

*State*, 124 *Ga.* 97 (52 S. E. 319) ; *White* v. *State*, 147 *Ga.* 377 (94 S. E. 222). This special ground fails to show sufficient reason for new trial.

■ Special ground 3 complains that the trial court erred in charging the jury in the substantial language of § 38-110 of the Code on the subject of what evidence warrants a conviction, and reasonable doubt.

The defendant contends that this portion of the charge was prejudicial and confusing, and authorized the jury to convict even though they realized that the conclusion to which the evidence pointed was false. The court was charging § 38-110 of the Code, which is as follows: "When evidence warrants conviction; reasonable doubt. Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt." See, in this connection, *John* v. *State*, 33 *Ga.* 257(2), which is as follows: "In all criminal trials, whether dependent upon positive or circumstantial evidence, the only question is, not whether it be possible that the conclusion to which the proof points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt." See also, in this connection, *Thrasher* v. *State*, 24 *Ga. App.* 803 (102 S. E. 363).

Under the facts in the case, and when considered in connection with the entire charge, there is no error in the excerpts complained of in the motion for a new trial.

No error of law appears; the jury is the final arbiter of the facts, and the judge, who saw and heard the witnesses, approved its finding. Therefore this court will not interfere.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*