40148.  DICKERSON v. THE STATE.

DECIDED OCTOBER 24, 1963.

*George G. Finch*, for plaintiff in error.

*William T. Boyd, Solicitor General, Eugene L. Tiller, J. Walter LeCraw*, contra.

JORDAN, Judge. The defendant's motion for discharge and acquittal in this case is predicated upon the authority of *Code* § 27-1901 which provides as follows: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

Under the clear and unambiguous language of this Code section, as applied by both this court and the Supreme Court in numerous decisions, a person who is indicted for an offense not affecting his life is entitled *as a matter of right* to have placed on the minutes of the trial court, either at the term when the indictment is returned or at the next succeeding regular term thereafter, a demand for trial, (and at subsequent terms by special permission of the court) ; and upon such demand for trial being entered on the minutes, if the defendant is not tried at the term when the demand is made, or at the next succeeding regular term thereafter, provided, that at both terms there were juries impaneled and qualified to try him, then he is absolutely entitled to be discharged and acquitted of the offense charged in the indictment. *Durham v. State*, 9 Ga. 306; *Kerese v. State*,

10 Ga. 95; *Dublin v. State,* 126 Ga. 580 (55 SE 487); *Nix v. State,* 5 Ga. App. 835 (63 SE 926).

This being the law, it would thus appear that the defendant's right to a discharge and acquittal under the mandate of *Code* § 27-1901 is absolute and complete since the record in this case discloses without dispute that a demand for trial was duly entered upon the minutes of court at the term when the indictment was returned; that the defendant was not tried at the term at which the demand was made nor was she tried at the next succeeding regular term thereafter; and that juries were qualified and impaneled to try her at both terms.

It is suggested by the State, however, that under the decision of this court in *Wright v. State,* 97 Ga. App. 653 (104 SE2d 158), a proper demand for trial was not made by the defendant in the trial court since her demand was not presented to the trial judge for approval and no order allowing same to be spread upon the minutes of the court was entered by the trial judge. An examination of the opinion in the *Wright* case discloses that the court seemingly attempted to engraft upon the provisions of *Code* § 27-1901 the requirement that a demand for trial must be presented to, approved, and allowed filed by the trial judge, even at the term when the indictment is returned or the next succeeding regular term, whereas permission of the court is required by *Code* § 27-1901 only where the demand is filed after the term succeeding that in which the indictment is returned; and under the controlling decisions of the Supreme Court and of this court, cited above, it is abundantly clear that approval of the trial judge is not required when the demand is made at the term at which the indictment is returned or the next succeeding regular term thereafter. Nor is it necessary, as held by the court in the *Wright* case, to present the demand to the judge rather than to the clerk of court in order to apprise the court of its existence; for, as was stated in the *Dublin* case at page 583, "The demand upon the minutes is notice to the judge and prosecuting officer of its existence."

The opinion in the *Wright* case is bottomed on the theory that unless the demand is actually tendered to the judge, neither he nor the prosecuting officer would have notice of such demand

and therefore some defendant might be "unwittingly discharged because of lack of notice to the court." However, to prevent such an occurrence the legislature has wisely given the State two terms in which to meet the demand for trial. In addition to that the legislature has further provided that, "The minutes of every court of record must be read each morning by the clerk in open court, and, on the adjournment of the court must be signed by the judge, judges, or justices thereof; but, if not signed are valid, unless repudiated by the court." *Code* § 24-107. We must presume, of course, that the clerk and judge performed the duty placed upon them by this Code section, and it necessarily follows that when the demand was duly spread upon the minutes of the court (which fact is not disputed), the court had actual notice that such demand had in fact been made.

As was held by the Supreme Court in the *Kerese* case at page 96: "This Statute is not open to construction. One of the first rules to guide a Court in applying a Statute, is never to *undertake construction*, where the law is perfectly plain. This is perfectly plain, and its meaning is neither absurd, impossible of enforcement, or unreasonable. It is, in our judgment, a humane and highly expedient law; designed to protect the citizen from the vexation, expense, and very often injustice of a trial long delayed. If the demand is made then, there is but one single condition precedent to trial or discharge, and that is, that a Jury at the term when it is made, and also at the term when the discharge is made, be impaneled and qualified to try the prisoner. If there is at these terms, a jury impaneled, who are qualified to try the prisoner, and he is not tried, *then,* says the law-making power of this Commonwealth, 'he shall be absolutely discharged, and acquitted of the offense charged in the indictment.' Can anything be freer from ambiguity? *We can add no qualifications or limitations to this Act—we can create no exceptions, and can make no additions.*" (Emphasis supplied.)

In the *Dublin* case at page 583 the court stated: "The facts alleged in the special plea must be taken to be true [as against general demurrer thereto]. They show that a demand for trial was duly entered upon the minutes, that the accused was not tried at the term at which the demand was made, that he was

not tried at the next succeeding term thereafter, and that there were juries qualified and empaneled to try him at both terms. His right to a discharge and acquittal under the terms of the statute seems to be complete." The facts alleged in the application for discharge in the present case show exactly the same situation, specifically alleging that the demand was "duly recorded on the minutes of the Fulton Superior Court by the clerk thereof in Book 45, Page 246 of the minutes of said court." The bill of exceptions certified as true by the trial court, shows that the clerk testified that the "demand for trial was duly entered by me on the minutes." Under the clear mandate of the language quoted from the *Dublin* case, and setting forth the same factual situation, the defendant in this case was clearly entitled to a discharge under the terms of the statute.

It is our opinion, therefore, that the ruling made in Division 1 of the opinion in the *Wright* case, insofar as it attempts to add to the provisions of *Code* § 27-1901 the requirement that a demand for trial which is made at the term in which the indictment is returned or at the next succeeding regular term must be presented to the trial judge and approved by him and an order entered by the court allowing the same to be spread upon the minutes, is in conflict with and repugnant to the principles of law enunciated in the decisions cited applying the discharge statute, and must be overruled.

We must keep in mind that the purpose of the statute here involved is to make effective the provision of the Constitution providing that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Since spreading the demand upon the minutes of the court provides ample notice to the State of the existence of such a demand, it places no great burden upon the State to grant such a request at the term the demand is made or the next succeeding term. The State is on notice that it must *try* the accused or *discharge* the accused. As Justice Lumpkin stated in the *Durham* case, "The statute is imperative, and it means this, or it means nothing . . . The Act makes no exceptions—none are admissible by the Courts."

The demand in this case, therefore, being duly filed with the clerk of court at the term in which the indictment was returned

and entered by the clerk upon the minutes of court (thus giving notice to the court of its existence) and the requirements of *Code* § 27-1901 being otherwise met, the defendant's right to discharge and acquittal was absolute and complete and the trial court erred in denying the motion for same.

*Judgment reversed. Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Hall, Eberhardt and Russell, JJ., concur. Pannell, J., dissents.*

PANNELL, Judge, dissenting. In my opinion, *Code* § 27-1901 the words "may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial" must be construed to mean that demand be made to the judge and that it is his *duty* to order it placed on the minutes. See *Odom v. State,* 25 Ga. App. 746 (105 SE 54) in which it was stated, "it is the duty of the judge to have the demand placed upon the minutes of the court." *Dacey v. State,* 15 Ga. 286, held that it is error for the trial judge to deny a motion to place a demand for trial on the minutes of the court.

In *Moore v. State,* 63 Ga. 165 (1), Judge Bleckley stated, "It is the essence of a demand for trial under § 4648 [27-1901] of the Code, that it should be entered on the minutes of the court at the term when made, so that the prosecuting officer may know from the record that a trial must be had then or at the next term. If leave to enter be refused, the remedy is by writ of error." The term, "if leave to enter be refused," in my mind could only refer to refusal of the judge, not the clerk of court's refusal. The judge would be one to refuse or grant—and he has only two choices when the motion is made, one to order it placed on the minutes, the second to grant defendant a trial.

The reasons advanced for allowing the reading of minutes as provided by *Code* § 24-107 to give notice to the court are defective for the following reasons: *Dacey v. State,* 15 Ga. 286, supra, holds that the judge has only the two choices as above stated, (1) to order the motion placed on the minutes, or (2) to grant defendant a trial. This Code section would appear to give him three if demand were required only to be filed with the clerk, (1) to order the motion placed on the minutes; (2) to grant defendant a trial; (3) to allow him to repudiate the minutes of

the court. I am thoroughly in agreement with the premise that demand is a matter of right and that it is imperative. To allow a judge to repudiate the minutes on the last day of court by not signing and passing an order repudiating, would in my estimation rob the defendant of his right to have the demand entered. If he has a right, and I hold he does, then the judge cannot defeat it by repudiation.

The *Moore* case, supra, states that, "It is of the essence of a demand for trial . . . entered on minutes . . . so that the prosecuting officer may know from the record that a trial must be had *then* or at the next term" of court. For him to know that it must be tried *"then"* must he inquire of the clerk if any motions in writing have been handed to him, not yet on adjournment signed by the judge (or repudiated) before he can safely agree for the court to be adjourned? In baseball, a batter has three strikes—the prosecuting officer should have two chances— I believe he has only one term (chance) to try the defendant in many cases if the majority decision is followed. I think the motion made to the judge, either oral or written, in open court permits him to run his court and decide questions of procedure. It is the only way I know that he can in all cases have actual notice and do justice to the defendant. The statute and the cases do not indicate to me that he *may* order the demand for trial placed upon the minutes, but on the other hand make it his *duty* to so order as to the first two terms. The *may* comes in subsequent terms part of the statute. The term demand "at" term of court indicates while a jury is impaneled. The term is not "during" term of court.

The case of *Wright v. State,* 97 Ga. App. 653 (1) (104 SE2d 158) seems to be sound.

In *Kerese v. State,* 10 Ga. 95, the record shows that the defendant demanded trial in open court, at the first term, that a jury was impaneled and that the motion was ordered entered.

*Nix v. State,* 5 Ga. App. 835 (63 SE 926), shows that demand was made in conformity with defendant's rights under the Code —that he was tried twice at the first term—that he was tried once at the next term and all three cases resulted in mistrials— that he again at next term demanded trial and was not tried—

nor were extraordinary facts shown why he was not tried again at that term. He was discharged and I think justly so.

The record does not disclose how the demand was made in *Durham v. State*, 9 Ga. 306, but in that case the defendant was tried on his demand at the next term and his demand for another trial at that term was refused and for said refusal he was subsequently released.

In *Dublin v. State*, 126 Ga. 580 (55 SE 487) the accused in writing demanded a trial, the demand being in the terms of the statute. The case shows this demand was by the order of the court placed upon the minutes. In the present case the record shows there was no order of any judge on said demand for trial and that the case was not tried at either term.

There was certainly in those cases no doubt that the prosecuting officer and the judge were put on actual notice. I feel that a defendant is entitled to a speedy trial and that to insure him this right there should be no grounds for the court to make him prove that demand was duly made. I think it should be automatic and that the requirement that demand be made to the judge in open court is the only way he can be assured of his rights.