## 32171. ARNOLD v. THE STATE.

HILL, Justice.

Defendant Arnold was convicted of armed robbery by a jury in Fulton Superior Court and was sentenced to life imprisonment to follow a life sentence imposed for an unrelated conviction of murder. See *Arnold v. State,* 236 Ga. 534 (224 SE2d 386) (1976).

The testimony of the robbery victim, a dealer in classic automobiles, authorized the jury to find that the defendant and a female companion discussed with him the purchase of an automobile about a week before the armed robbery. On January 20, 1975, at about 5:15 p.m., the defendant returned with a male companion. The defendant pointed a chrome-plated pistol at the victim and ordered him to lie on the floor. Before departing, the pair of robbers obtained approximately $4,260 in cash, jewelry estimated to have a value of $5,500, and a rabbit fur coat.

The victim identified the defendant in a lineup several months later. The defendant denied guilt and testified that at 5:15 on January 20, he was driving his girl friend to the restaurant where she worked. The girl friend corroborated his testimony. An agent of the restaurant testified that the time clock records were no longer available for the date in question, but that the girl

friend had been an employee of the restaurant at some time.

Defendant urges six alleged errors, one of which warrants discussion.

The trial court denied the defendant's motion to dismiss the indictment for the alleged failure of the state to comply with the speedy trial requirements of Code Ann. § 27-1901.1 and the Sixth Amendment.

The defendant was indicted on March 28, 1975, about two weeks after his arrest. His demand for trial in this case was contained in a letter which was filed by the clerk on July 21, 1975. Thus it appears that the defendant was indicted during the March-April term of Fulton Superior Court and made his demand at the July-August term, with the May-June term intervening.

Code Ann. § 27-1901.1 provides: "Any person accused of a capital offense may enter a demand for trial at the term at which the indictment is found, or at the next succeeding regular term thereafter; or by special permission of the court he may at any subsequent term thereafter demand a trial."[1] The defendant concedes that special permission of the court was required for his letter to comply with the requisites of the statute. He argues that the filing of his letter by the clerk was constructive notice to the court of his desire for trial. See *Dublin v. State,* 126 Ga. 580, 583 (55 SE 487) (1906). However, such filing does not constitute the "special permission of the court" required by the statute. Not having made demand for trial at the term at which the indictment was returned, nor at the next term and not having obtained the permission of the court to make an out-of-time demand, defendant's claims under the statute are without merit.

The defendant contends he was denied his constitutional right to speedy trial and that under Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Harris v. Hopper,* 236 Ga. 389 (224 SE2d 1) (1976), his indictment should be dismissed. The four factors to be

---

[1] Code Ann. § 27-1901.1 is applicable to armed robbery. *Orvis v. State,* 237 Ga. 6 (226 SE2d 570) (1976).

considered are the length of delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant. *Hall v. Hopper,* 234 Ga. 625 (1) (216 SE2d 839) (1975). Here the defendant was arrested in mid-March, 1975. It is not clear, however, whether he was arrested for the murder, on this armed robbery, or on other charges. He was indicted on this charge on March 28, 1975, and was not tried until August 16, 1976, some sixteen and a half months later. However, during the bulk of this period the state was prosecuting the murder case (indictment on March 25, 1975; trial on June 30 — July 2; motion for new trial on July 23, amended September 3, and overruled September 4; appeal docketed October 17, 1975, argued January 15, 1976, and decided April 6; resentenced to life on June 3, 1976). Thus it appears that from late March, 1975, until early June, 1976, defendant and his counsel were engaged in defending and appealing the unrelated conviction for murder, which was affirmed although the sentence to death was reversed. *Arnold v. State,* supra. When the death sentence was set aside, the state proceeded on other pending charges. The state was justified in not proceeding on other charges while defendant was under the death penalty and it was being appealed.

The defendant contends that his defense was prejudiced in that time cards of the restaurant where his girl friend was employed were destroyed and that the card would have shown that she was at work on the date in question and the time she arrived for work. The girl friend's time card would not have shown the fact critical to the defendant's alibi, that he drove her to work. The jury did not accept the defendant's alibi and it does not appear likely that the jury would have accepted the alibi if it had been corroborated by the inconclusive time card. The trial court did not err in denying the defendant's motion to dismiss the indictment based on alleged denial of speedy trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 1, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.