## COUCH vs. THE STATE.

To entitle a defendant, indicted for an offence of a grade, for which, under the statute, he has the right to demand a trial, to an order of discharge and acquittal, he must show by the minutes of the court, that he has made such demand, according to the Act.

Indictment, from Cass county. Decision by Judge TRIPPE, at September Term, 1858.

Jesse Couch, the plaintiff in error, was indicted for keeping open a tippling house on the Sabbath day. At the term of the court next after that at which the indictment was found, and before the juries were discharged, the defendant moved to place his demand for trial on the minutes of the court. This motion was made before the case was reached or called in its order for trial, and was refused by the court.

At the succeeding term, (September, 1858,) defendant appearing and demanding a trial, there being a jury impannelled and qualified to try said cause, moved to be discharged and acquitted of the offence charged in the

indictment. This motion the court overruled, and counsel for defendant excepted.

W. T. Wofford, for plaintiff in error.

Sol. Gen. Johnson, *contra.*

*By the Court.*—McDonald, J., delivering the opinion.

The plaintiff in error did not except to the decision made by the court refusing to allow his demand of a trial to be placed on the minutes, at the term of the court at which the demand was first made, but he excepted to the decision of the court at a subsequent term refusing an order of acquittal and discharge from the offence for which he was indicted. On this last decision error is assigned. It was the right of the defendant to demand a trial at the term of the court at which he applied to make the demand, and to have it entered on the minutes of the court; and it was the duty of the presiding judge to allow the demand to be placed on the minutes of the court. It was no reason to refuse it, that the cause was not called in its order. The object of the act is to insure to defendants a speedy trial, and nothing can defeat their right, except the want of a jury qualified to try the cause. Defendants are entitled to the precedence over all other causes for trial, provided they make the demand legally. But when they apply for an order for their discharge and acquittal of the offence, they must shew from the minutes of the court, that they had demanded a trial at a previous term of the court. In this case the plaintiff in error shewed no demand by the minutes. He did not except to the decision of the court when that demand was refused him. So far as this case is concerned, it is the same as if no effort of the sort had been made. Had a demand of trial been established by competent proof, the plaintiff in error

would have been entitled to a trial at that term of the court, or to an order of acquittal of the offence, provided a jury was impannelled qualified to try the cause. His acquiescence in the decision of the court first made, precluded him from availing himself of the act at the next succeeding term under which he claimed a trial, or acquittal and discharge.

Judgment affirmed.