### 378. GRAHAM v. THE STATE.

If a defendant, with leave of the court, expressed by formal order, has demanded a trial in accordance with the statute, and at the succeeding term it appears that by fault of the prosecuting officer, who had actual notice of the allowance of the demand, the same was not placed upon the minutes, the court should, upon motion, cause the same to be entered nunc pro tunc; and, if the State does not proceed to trial and the other statutory conditions are fulfilled, should discharge the defendant.

Accusation of selling whisky to minor, from city court of Cordele—Judge Strozier. February 2, 1907.

Argued April 22,—Decided April 25, 1907.

*J. T. Hill,* for plaintiff in error.

*M. M. Eakes, solicitor,* contra.

POWELL, J. The constitution of this State guarantees to every person accused of crime a speedy trial. To make this guarantee effective the legislature has provided (Penal Code, §958) that "Any person against whom a true bill of indictment is found, for an offense not affecting his life, may demand a trial at the term when the indictment is found; or at the next succeeding term thereafter, or at any subsequent term, by special permission of the court, which demand shall be placed upon the minutes of the court; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." In the case at bar, the defendant, having been indicted, and the indictment having been transferred

to the county court of Crisp county, took an order, at the October
term of that court, allowing a demand. This order was signed
by both defendant's attorney and the trial judge. The solic-
itor of the county court, who was present and had actual notice
of the granting of the order, took personal possession of the in-
dictment upon which the order was written, and the clerk, to
whom, it is conceded, defendant's attorney delivered it for record
upon the minutes, thus failed to transcribe it. The county court
of Crisp county was abolished by a legislative enactment, and its
business transferred to the city court of Cordele. The county
solicitor delivered the indictment and the order thereon to the so-
licitor of the city court, who retained possession of the same until
the December term of the court. At that term of the court, the
State announcing not ready to try, the defendant moved a dis-
charge; and, upon its being discovered that the order allowing the
demand had not been recorded upon the minutes, also moved that
the same be entered nunc pro tunc. The court refused both mo-
tions, and the defendant brings error. The statute requires
that the demand be placed upon the minutes of the court; and
when a discharge is asked at the term subsequent to that at which
the demand is allowed, it is from the minutes that the defendant
must show the existence of his demand. *Couch* v. *State,* 28 *Ga.*
64; *Moore* v. *State,* 63 *Ga.* 165. If as a matter of fact the min-
utes fail to speak the truth, in that they do not show the order
actually passed allowing a demand, the court has the power to cor-
rect them and supply the omission. "Every court has power . .
to amend its own records, so as to make them conform to the truth."
Civil Code, §4047. "As a general rule the court will amend the
entries of its orders on the minutes, . . nunc pro tunc, . . in all
cases where such amendment will clearly be in furtherance of
justice." Civil Code, §5119. Of course, if no order has been
taken, even though the failure to take it was due to an erroneous
refusal of the court to allow it, the minutes should not after-
wards be corrected to make them speak an untruth, and show, as
taken, an order not granted. *Couch* v. *State,* supra; *Moore* v.
*State,* supra. A judgment is no less a judgment because the clerk
has failed to record it. *Davis* v. *Barker,* 1 *Ga.* 559; *Bridges* v.
*Thomas,* 50 *Ga.* 381; *Gross* v. *Mims,* 63 *Ga.* 563. The judge
should have granted the motion to correct the minutes, by re-

quiring the entry of the order allowing the demand to be recorded nunc pro tunc, unless some principle of justice forbade it. Indeed, the cases just cited seem to declare it to be the duty of the court to direct the correction as a matter of course, if the fact of the actual granting of the order sought to be incorporated be proved or conceded, and to protect those whose interests would otherwise be prejudiced by the failure to record at the proper time, by limiting the effect to be given to the order as so entered.

In either event, the facts of this case justified the demand of the defendant for a correction of the minutes. The failure of the clerk to record the order was not occasioned by his neglect, but in all probability by the fact that the State's representative, the solicitor, took and kept the order in his possession. The chief object in requiring the order allowing the demand to be placed upon the minutes is that the prosecuting officer may have due notice. *Moore* v. *State,* supra. In this case the notice was actual; and the failure of the further notice which the record would have given was due to the fault of that very officer, and to no fault of the defendant. The court should therefore have corrected the minutes, and, upon their amendment, the discharge would have followed. The judgment is, therefore,                    *Reversed.*