### 3583. SHARPE *v.* THE STATE.

An order refusing to allow a demand for trial in a criminal case to be spread upon the minutes of the court is not such a final judgment as will support a bill of exceptions.

DECIDED DECEMBER 19, 1911.

Accusation of misdemeanor; from city court of Reidsville— Judge Collins. June 9, 1911.

*H. H. Elders,* for plaintiff in error.

*Robert E. DeLoach, solicitor,* contra.

RUSSELL, J. The defendant, under indictment for a misde-

meanor, made a demand for trial at the second term after the indictment was found. The judge refused to allow the demand, and from the order refusing to allow the demand the defendant sued out a bill of exceptions.

We are of the opinion that the bill of exceptions is premature. The remedy of the defendant was to except pendente lite, and then assign error in a bill of exceptions sued out from the final judgment. *Couch* v. *State,* 28 *Ga.* 64; Civil Code (1910), § 6138. Even if the demand had been allowed, that would not have been a final disposition of the case, for it would only have entitled the defendant to a trial at that term or at the subsequent term, provided that at both terms there were juries impaneled and qualified to try him. Penal Code (1910), § 983. It does not appear that the refusal to allow the demand has harmed the defendant. Harm from such refusal can not be shown until after the expiration of the next succeeding term thereafter; for, even though the demand be refused, he may nevertheless be tried within the time which the State would have had, if the demand had been allowed.

The case of *Dacey* v. *State,* 15 *Ga.* 286, which apparently announces a contrary doctrine, was decided prior to the Code of 1863, at which time our present law limiting the Supreme Court to the review of final judgments first came into existence. Prior to that time the jurisdiction of the Supreme Court as to bills of exceptions was not confined to a final, or a conditionally final, adjudication in the lower court, as it is now. As to the original act of 1845, organizing that court (Acts 1845, p. 18), it was said: "This grant of jurisdiction was designed to be and is very broad. It attaches upon any *decision, sentence, judgment,* or *decree* which may be had before the superior courts in any case, criminal or civil. Unlike the jurisdiction of the Supreme Court of the United States, it is not confined to *final judgments.* It contemplates unquestionably writs of error upon interlocutory judgments." *Carter* v. *Buchanan,* 2 *Ga.* 338; *Jones* v. *Dougherty,* 11 *Ga.* 308. By comparing the decision cited above with the present law, it appears that our jurisdiction is limited to bills of exceptions sued out from final judgments. An order refusing to allow a demand for a trial to be spread upon the minutes is not a final judgment.

*Writ of error dismissed.*