### 37152. WRIGHT *v.* THE STATE.

CARLISLE, Judge. 1. The defendant was indicted at the January term of the Laurens Superior Court for seduction. Before the adjournment of that term, the defendant filed with the clerk in open court a demand duly verified for trial upon

the indictment. Said demand was filed and recorded by the clerk, but it does not appear from the motion for a new trial that the demand was ever presented to the trial judge and ordered allowed or spread upon the minutes of the court as required by law. Code § 27-1901; *Couch v. State,* 28 *Ga.* 64; *Hunley v. State,* 105 *Ga.* 636, 639 (31 S. E. 543); *Graham v. State,* 1 *Ga. App.* 682 (57 S. E. 1055). Ground 4 of the motion for new trial alleges that the defendant was present and in court and ready for trial at the January term and at the next regular term, which was the April, 1957, term; that at both terms jurors were present and empaneled and qualified to try the case and defendant remained in court throughout the term awaiting trial. This ground of the motion assigns error on the refusal of the court to discharge the defendant upon his application made at the July term. Ground 5 of the motion complains of the refusal of the court to grant a motion to quash the indictment on account of the failure to try the defendant at the first or the second term. Assuming, but not deciding, that these questions may be properly raised in a ground of a motion for new trial, the record in this case fails to show that a proper demand for trial was ever made by the defendant. Merely presenting such a demand to the clerk of the court or filing it with the clerk without first presenting it to the trial judge, so that the trial judge may be thus apprised of the existence of the demand, and without having the trial judge enter an order allowing the demand and ordering that it be spread upon the minutes, is not sufficient. The demand for trial must be made to the judge and not to the clerk. Neither grounds 4 nor 5 were meritorious, and the court did not err in overruling these grounds of the motion for new trial.

2. Grounds 6, 7, 8 and 9 of the motion complain of rulings of the judge restricting the cross-examination of the prosecutrix by counsel for the defendant. "The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court unless abused." *McNabb v. State,* 70 *Ga. App.* 798 (29 S. E. 2d 643); *Wright v. State,* 76 *Ga. App.* 483 (2a) (46 S. E. 2d 516). As to grounds 6, 7 and 9; it is sufficient to say that the record clearly shows that upon re-phrasing the questions, the witness was permitted

without objection and without restriction to give to the jury the information called for by the questions which were excluded by the trial judge as complained of in those grounds. Under the rule in the cases cited above, therefore, we cannot say that the ruling of the trial judge as complained of in those grounds was harmful error requiring a reversal. Ground 8 complains of the refusal of the court to permit the attorney to ask the prosecutrix, "Have you discussed with your attorney and agreed with your attorney . . ." (Interruption by objection). This question was objected to by the prosecuting attorney on the ground that any discussion between client and attorney was privileged. It is contended by the defendant in this ground that this privilege extends only to the client and not to the attorney. Without deciding this issue, it is sufficient to say that it is not apparent from this ground of the motion that any relevant evidence was excluded by the trial judge in the ruling complained of, and for this reason, this ground fails to show reversible error. *Wright* v. *State*, 76 *Ga. App.* 483 (2b), supra. It follows that the trial court did not err in overruling grounds 6, 7, 8 and 9 of the motion for new trial.

3. Ground 10 of the motion complains of the failure of the court to charge the law with respect to common-law marriage. There was no contention made by either the defendant or the prosecutrix in any of their evidence or by the defendant in his statement that there had ever been a common-law marriage; there was no evidence of cohabitation and holding out to the world that a marriage existed between the prosecutrix and the defendant (*Allen* v. *State*, 60 *Ga. App.* 248, 251, 3 S. E. 2d 780), and for this reason, a charge on this subject was not authorized. The trial court did not err in overruling ground 10 of the motion.

4. Grounds 11 and 12 complain of portions of the charge of the court as follows: "To accomplish sexual intercourse with virtuous woman pending virtuous engagement to marry her may be seduction though consent be obtained without persuasion other than that which is implied, considering past courtship and present relation of parties in proposing intercourse and repeating promise of marriage. If there is a virtuous engagement to marry, the mere promise to the defendant of sexual intercourse accompanied by repetition of promise to marry, if

the female yielded her consent to the intercourse by reasons of persuasion, accompanied by promise to marry; then the jury should convict the defendant of seduction. If at the time of the alleged seduction, the female in question had never had unlawful intercourse with a man, she was a virtuous female within the meaning of the law of this State." These portions of the charge are complained of as being erroneous and misleading to the jury, and as authorizing the conviction of the defendant under circumstances where the defendant would not be guilty of seduction. These grounds of the motion are without merit. See *Odum* v. *State*, 21 *Ga. App.* 310, 313 (4) (94 S. E. 257).

5. The evidence was sufficient to authorize the verdict of guilty. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 21, 1958.

*Larsen & Larsen,* for plaintiff in error.

*Harold E. Ward,* Solicitor-General, *Carl K. Nelson,* contra.