## 44469. LEE v. SMITH.

QUILLIAN, Judge. In the instant case appeal was taken from the order of the trial judge vacating and setting aside a prior default judgment and allowing the defendant to file defensive pleadings. In the order the trial judge expressly declined to grant the appellant's oral motion to certify the case for immediate appeal and, in fact, no certificate of immediate appeal was entered. *Held:*

The order vacating and setting aside the default judgment and allowing the defendant to file defensive pleadings left the case still pending in the court below. This judgment was not final and was not of the type specifically excepted under the provisions of *Code Ann.* § 6-701 (a, 3) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). Thus, in the absence of a certificate of immediate review the appeal is premature and subject to being dismissed.

The appellant contends, however, that the trial judge by refusing to enter such certificate grossly abused his discretion. *Code Ann.* § 6-701 (a, 2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073), provides a means whereby an order or judgment not otherwise subject to direct appeal may become so where the trial judge within ten days of entry of the judgment certifies that it is of such importance to the case that immediate review should be had. It, therefore, deals with time of review, in that it permits preliminary decisions to be reviewed prior to the entry of final judgment. However, it provides no clearly delineated specifications or ascertainable criteria for this court to review the decision of the trial judge in entering or declining to enter the prescribed certificate. The legislature in enacting *Code Ann.* § 6-701 intended to follow the Federal procedure, and commensurate policy, of precluding piecemeal appeals. The trial judge in determining whether an otherwise interlocutory order might be reviewed prior to

final judgment is apparently given carte blanche authority. It is thus evident that the appeal must be

*Dismissed. Felton, C. J., and Pannell, J., concur.*

ARGUED MAY 5, 1969—DECIDED JUNE 17, 1969.

*Linus L. Zukas*, for appellant.

*Fine & Block, Sturgis G. Bates, III,* for appellee.