### 31504. SHEATS v. THE STATE.

Nichols, Chief Justice.

1. Under the provisions of the Act of 1952 (Ga. L. 1952, pp. 299, 300; Code Ann. § 27-1901.2), where as in the present case, there was no showing that the defendant who was under indictment for armed robbery was present in court requesting a trial, the judgment of the trial court overruling the special plea to dismiss upon the ground that he had filed a written demand for trial and had not been tried for three terms of court, is without merit. Compare *Dennis v. Grimes,* 216 Ga. 671 (118 SE2d 923) (1961); *Orvis v. State,* 237 Ga. 6 (226 SE2d 570) (1976).

2. A defendant is not entitled to a continuance as a matter of law merely because a co-defendant entered a plea of guilty in the presence of another jury on the day preceding the defendant's trial.

3. Where during the trial of an armed robbery case the victim has testified that on one occasion three men entered the place of business where the robbery took place and on another occasion only two were inside the building, a question to such witness by the trial court to determine on which occasion the armed robbery took place did not amount to the expression of an opinion by the trial court.

4. Under decisions exemplified by *Scott v. State,* 230 Ga. 413, 414 (197 SE2d 338) (1973), the trial court did not err in permitting a witness, a former chief of police of Clarke County, to testify as to a conversation with the defendant, which was not shown in the report later made by the police, and where the district attorney stated that he did not know of such witness until the day before the trial and that he sent such witness to see the defendant's counsel and defendant's counsel actually interviewed such witness prior to the witness being permitted to testify on the trial of the case.

5. The following excerpt from the court's instruction to the jury is not susceptible to an interpretation that it could include knowledge acquired after the commission of the act: "Now, I charge you that every person concerned in the commission of a crime is a party thereto, and may be charged with and convicted of commission of a crime. A person is concerned in the commission of a crime if he directly commits the crime himself, or intentionally aids or abets in the commission of the crime with knowledge of the criminal intent of the actual perpetrator. Now, the phrase aid and abet comprehends any and all assistance given by acts, words, or encouragement in the commission of a criminal act with knowledge of the criminal purpose of the perpetrator."

6. Pretermitting the question as to the correctness of a statement by the trial court that such court did not have authority to probate a sentence in an armed robbery case where a guilty plea was entered, such statement could not be deemed harmful to a defendant convicted by a jury. See however Ga. L. 1976, p. 1360, amending Code § 26-1902.

7. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1976 — DECIDED SEPTEMBER 28, 1976 —
REHEARING DENIED OCTOBER 19, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.