52629. JEFFRIES et al. v. THE STATE.

MARSHALL, Judge.

Sidney Durden and Judson Jeffries, together with two others, were indicted during the April Term, 1975, of the Superior Court of Clarke County, for an offense of robbery by force. Durden and Jeffries were tried together and convicted as charged. Each was sentenced to eight years in the penitentiary. The issue in this appeal is whether appellants should have been acquitted under Code § 27-1901 for denial of their right to a speedy trial.

Following indictment Durden and Jeffries appeared on April 21, 1975, and filed demands for trial by jury with the Clerk of the Superior Court of Clarke County. They did not file the demands for trial directly with the trial judge, nor did they seek an order by the trial court that the demands for trial be placed upon the minutes of the court. The demands were never entered upon the minutes of the superior court. Trial initially was set for May 5, 1975, and both appellants appeared. However their case was not called though a jury was sitting. There is evidence that on July 23, 1975, the case was again called but neither appellant was present. Unrebutted evidence showed the absence of each appellant was for providential cause. It was stipulated that criminal juries were impaneled during the April, July, October and January Terms of 1975, and 1976, respectively, but notwithstanding the demand for trial filed on April 21, 1975, neither appellant was tried until April 19 and 20, 1976. It was stipulated further that Jeffries had been incarcerated pending trial since July 28, 1975, and Durden since September 4, 1975, both in the Clarke County jail.

Each appellant prior to trial on the merits moved the

trial court to discharge them pursuant to the provisions of Code § 27-1901 for failure of the state, following demand, to bring them to trial at the same term as the indictment was found or at the succeeding regular term thereafter. The trial court limited the issue to the one of legality of the demand and found that counsel for the appellants failed to insure that the demand for trial was spread upon the minutes of the court. The demand not being upon the minutes, the court rules there was no proper demand for trial and overruled the motion as to each appellant. Each appellant as his first of four numerations of error, complains that the trial court erred in refusing to grant their special plea for discharge and acquittal pursuant to Code § 27-1901. *Held:*

1. In pertinent part, Code § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial . . . In either case the demand for trial shall be placed upon the minutes of court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled, and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." It is undisputed that all the requisites of the statute were met except that the demands for trial were not spread upon the minutes of the court. The trial court determined that the ultimate responsibility for insuring the demands were placed upon the minutes reposed in counsel for the appellants. It is this determination which frames the primary question for our determination.

Historically, the procedure in the courts of Georgia reflect that demands for speedy trial were made in the form of a motion addressed to the trial court for early trial and included a request for an order by the trial court placing the demand upon the minutes of the court. These early cases most often involved the refusal of the trial court to order the inscribing of the demand upon the minutes. See *Dacey v. State,* 15 Ga. 286; *Couch v. State,* 28 Ga. 64; *Sharpe v. State,* 10 Ga. App. 212 (73 SE 33); *Odom v. State,* 25 Ga. App. 746 (1) (105 SE 54). Thus it was held

that merely presenting a demand to the clerk of the court or filing it with the clerk without first presenting it to the trial judge and without having the trial judge enter an order allowing the demand and ordering it be spread upon the minutes, was not sufficient. The demand for trial was to be made to the judge and not to the clerk. *Wright v. State,* 97 Ga. App. 653, 654 (104 SE2d 158). This rule subsequently was changed in *Dickerson v. State,* 108 Ga. App. 548 (134 SE2d 51), infra, which permitted filing of the demand with the clerk of the court.

The demand for speedy trial, however, has always been substantive and not merely a procedural device. From the beginning, the courts of this state have held that the statutory right is imperative, and it means that if the state fails to try a defendant eligible for trial as set forth in the statute, the prisoner absolutely shall be discharged and acquitted of the offense with which he stands charged. It means this, or it means nothing. *Durham v. State,* 9 Ga. 306, 309. That case goes on to state, at p. 310, "It is one of the great safeguards thrown around the citizen to protect him from unreasonable and vexatious procrastination and harassment . . . The Act makes no exceptions — none are admissible by the Courts." Courts should seek to uphold rather than whittle away by judicial construction this and other provisions of the Bill of Rights, which secure the guarantees of freedom upon which our country was founded. *Rider v. State,* 103 Ga. App. 184, 185 (118 SE2d 749).

It is not arguable that the duty to keep fair and regular minutes from day to day of the proceedings of a superior court is placed upon the clerk of court. Code § 24-2714 (2). Is there a further obligation by counsel to insure that the clerk of court carries out his statutorily imposed duty? We think not.

It was the right of the defendants to demand a trial at the term of the court in which the indictment was returned and to have that demand entered on the minutes of the court. It was the duty of the trial court, upon notice, to allow the demand to be placed on the minutes of the court. *Couch v. State,* 28 Ga. 64, 65, supra. In *Dickerson v. State,* 108 Ga. App. 548, 552, supra, it was held that insofar as the decision in *Wright v. State,* 97 Ga. App. 653,

supra, attempted to add to the provisions of Code § 27-1901 the requirement that a demand for trial be presented to the trial judge and approved by him and an order entered by the court allowing the same to be spread upon the minutes, such engrafting was in conflict with and repugnant to fundamental law, and was overruled. At p. 551, the *Dickerson* case cited the following language with approval: " 'This statute is not open to construction. One of the first rules to guide a Court in applying a Statute, is never to *undertake construction,* where the law is perfectly plain. This is perfectly plain, and its meaning is neither absurd, impossible of enforcement, or unreasonable. It is, in our judgment, a humane and highly expedient law; designed to protect the citizen from the vexation, expense, and very often injustice of a trial long delayed. If the demand is made then, there is but one single condition precedent to trial or discharge, and that is, that a Jury at the term when it is made, and also at the term when the discharge is made, be impaneled and qualified to try the prisoner. If there is at these terms, a jury impaneled, who are qualified to try the prisoner, and he is not tried, *then,* says the law-making power . . . 'he shall be absolutely discharged, and acquitted of the offense charged in the indictment.' Can anything be freer from ambiguity? *We can add no qualifications or limitations to this Act — we can create no exceptions, and can make no additions.' "*

In this case the demand for trial was presented to the clerk of court and filed by him. Copies of the demand were served seasonably upon the state's attorney. When the demand was filed in the office of the clerk of the superior court prior to adjournment of the court on the day of filing (as apparently was true in this case), the fact that such demand was not actually entered by the clerk upon the minutes of the court may not affect appellant's statutory right to speedy trial. The failure of the clerk to keep proper minutes cannot be allowed to destroy the fact that a proper demand had been made. *Bryning v. State,* 86 Ga. App. 35, 36 (6) (70 SE2d 779).

Rather than placing the burden upon the appellants to show the truth of the court's proceedings, the trial court had that duty. The statute required that the demand be

placed upon the minutes of the court; and when a discharge is asked at the term subsequent to that at which the demand was made, normally it is from the minutes that the defendant must show the existence of his demand. *Couch v. State,* 28 Ga. 64, supra; *Moore v. State,* 63 Ga. 165. If as a matter of fact the minutes fail to speak the truth, in that they do not show the demand, the court has the power to correct them and supply the omission, so that its own records conform to the truth. The trial court should have corrected the minutes of its proceedings of April 21, 1975, to show the demands for trial nunc pro tunc. *Graham v. State,* 1 Ga. App. 682 (57 SE 1055).

It follows that where all other requisites of the statute have been met and the omission of the demands from the minutes being the fault of the clerk of court and not of the defendants or their counsel, such omission does not defeat the special plea in bar. The trial court erred in failing to discharge and acquit the two appellants in accordance with the plain mandate of the statute.

2. The remaining enumerations of error are rendered moot by the decision reached in Division 1 of this opinion, thus are not addressed.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED NOVEMBER 18, 1976 — ■

*Jack H. Affleck, Jr.,* for appellants.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.