## 65203. BASHLOR v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted of rape and sentenced to ten years. He enumerates as error the trial court's denial of his pretrial motion for acquittal and two evidentiary rulings made by the court during the course of trial. *Held:*

1. Appellant's pretrial motion for acquittal was based upon the alleged failure of the state to afford him his speedy trial rights pursuant to Code Ann. §§ 27-1901.1 and 27-1901.2. Appellant was indicted on May 28, 1980, and filed his demand for trial pursuant to Code Ann. § 27-1901.1 on August 8, 1980. Over his objection, appellant was delivered to the custody of the state of Florida on October 23, 1980, pursuant to an order of extradition. *Bashlor v.*

*Griffin,* 246 Ga. 325 (272 SE2d 75). Appellant was on probation at the time of the subject indictment after serving 28 years on a Florida murder conviction. The record does not reveal when appellant was returned to the custody of this state, but the parties have stipulated that he was first tried in this state for the present offense on October 1, 1981. The trial from which this appeal arose began on February 25, 1982.

Code Ann. § 27-1901.2 provides: "If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely *discharged and acquitted of the offense charged in the indictment:* Provided, that at both terms there were juries impaneled and qualified to try the defendant: and Provided, further, the defendant was present in court announcing ready for trial and requesting a trial on said indictment." In the present case appellant has made no showing that he was present in court announcing ready for trial. "[W]here as in the present case, there was no showing that the defendant who was under indictment for [rape] was present in court requesting a trial, the judgment of the trial court overruling the special plea to dismiss upon the ground that he had filed a written demand for trial and had not been tried for three terms of court, is without merit." *Sheats v. State,* 237 Ga. 757 (229 SE2d 600).

The fact that appellant was unable to appear due to involuntary extradition to another state does not alleviate the requirement that he be present and announce ready for trial. "[W]here the defendant applied for a speedy trial under the provisions of Code Ann. § 27-1901 and could not procedurally seek a speedy trial under that Code provision because he was not physically present or within the subpoena power of the Georgia courts, his right to a speedy trial ha[s] to be determined under the Interstate Agreement on Detainers [Code Ann. § 77-501b et seq.]. . . ." *Johnson v. State,* 154 Ga. App. 512 (268 SE2d 782). See also *Hunt v. State,* 147 Ga. App. 787 (250 SE2d 517). Thus, a defendant who is unable to satisfy the second proviso of Code Ann. § 27-1901.2 is not without a speedy trial remedy, since he can invoke the provisions of Code Ann. § 77-501b et seq. There has been no showing in the present case that appellant complied with the requirements of Code Ann. § 77-504b. The trial court did not err in denying his motion for acquittal.

2. Appellant's second enumeration of error challenges the ruling of the trial court sustaining appellee's objection to cross-examination of the victim about her dating habits at the time of the alleged rape "to show her understanding or failure to understand male/female relationships, and they bear on the consent or the failure to give a consent." Evidence of this nature is covered by Code Ann. §

38-202.1, and subsection (b) of that statute outlines the procedure by which such evidence might be introduced. "This procedure was not followed, as the defense did not express its intention of going into such matters, and did not request an in camera hearing to determine if such evidence was admissible." *Tenant v. State,* 151 Ga. App. 891, 894 (262 SE2d 204). Accordingly, the trial court did not err in sustaining the state's objection to this line of cross-examination.

3. Appellant's third enumeration of error challenges the trial court's decision to permit testimony concerning appellant's possession of an undergarment belonging to the victim and appellant's prior statement wherein he stated that he was "having sex with them" and that it had been 28 years since he had "any normal sex." The trial court did not err in admitting this testimony. "In the trial of sexual crimes [evidence] having a tendency to show bent of mind toward sexual activity [has] generally been allowed.... The rule in Georgia is that if the admissibility of evidence is doubtful, the evidence should be admitted and its weight and effect should be left for jury determination." *Layne v. State,* 147 Ga. App. 511, 512-513 (249 SE2d 324). We do not agree with appellant's contention that his statement that he had gone 28 years without "normal sex" should have been excluded because it placed his character in evidence by suggesting that he had been in prison. While we find nothing in the statement, as it appears in the record in this case, necessarily suggestive of the fact that appellant had just spent 28 years in prison, the mere fact that the statement may have indicated that appellant had committed another offense would not render it inadmissible. *Berryhill v. State,* 235 Ga. 549 (6) (221 SE2d 185).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 14, 1983 —
REHEARING DENIED FEBRUARY 4, 1983.

*Clark Smith,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.