67132. BOWERS v. PRICE et al.

BIRDSONG, Judge.

Appellant Bowers filed suit on December 3, 1982. Answer was filed jointly by the appellees on January 5, 1982, listing three defenses. On February 2, 1983, appellant moved to dismiss the first two defenses and portions of the third defense. On March 18, 1983, the trial court dismissed the second defense and portions of the third defense leaving the case pending as to all other portions of the answer. On April 1, 1983, fourteen days after the action of the court which left the first defense and the majority of the third defense still pending,

appellant filed with the trial court a request for an order or certificate of immediate review of the court's interlocutory order. On that same day, April 1, 1983, the trial court in the exercise of its discretion denied the application of immediate review. See *Lee v. Smith,* 119 Ga. App. 808, 809 (168 SE2d 880). Notwithstanding this denial of interlocutory appeal on April 1, 1983, appellant on the same date, April 1, 1983, filed a notice of appeal which was docketed in this court on July 25, 1983. An enumeration of error followed on August 9, 1983, raising the same issues as were presented by the denied request for interlocutory appeal presented to the trial court on April 1, 1983.

The provisions of OCGA § 5-6-34 (b) (Code Ann. 6-701) require that a certificate of immediate review must be filed within ten days of the interlocutory order. This was not done. Thus the trial court had no option other than to deny the application, though we would not otherwise question the exercise of its discretion. See *Turner v. Harper,* 231 Ga. 175 (200 SE2d 748). Moreover, OCGA § 5-6-34 (b) (Code Ann. § 6-701) requires that even if the certificate is granted, an application for an interlocutory appeal must be filed in this court within ten days of the grant by the trial court of this certificate and this court must grant that application before the case properly is vested within the jurisdiction of this court. This court has not granted such an application. Nevertheless on August 9, 1983, appellant filed an enumeration of errors.

The record before us failing to show that a final judgment has been entered or that a certificate of immediate review was granted either by the trial court or this court, this appeal is premature and must be dismissed. *Mathews v. Fidelcor Mtg. Corp.,* 144 Ga. App. 140 (240 SE2d 758).

*Appeal dismissed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 22, 1983.

*Kathleen Kessler,* for appellant.
*Tony L. Axam,* for appellees.