68838. THE STATE v. CRAPSE.
68962, 68963. CRAPSE v. THE STATE (two cases).
(325 SE2d 620)

SOGNIER, Judge.

Pursuant to OCGA § 5-7-1, the State appeals the order of the Superior Court of Chatham County dismissing ten of eleven indictments against Crapse (Case No. 68838).

On February 5, 1980, 13 indictments were returned against Crapse alleging several sexual offenses, burglary and terroristic threats. Crapse filed a demand for trial on two of the indictments on

March 28, 1980; he filed a demand for trial on nine indictments on June 13, 1980; and on May 28, 1980, Crapse was found not guilty by reason of insanity on the remaining two indictments. On July 1, 1980, the trial court found that Crapse met the criteria for civil commitment; on January 18, 1983, the trial court found that Crapse no longer met the criteria for civil commitment and he was released from the Central State Hospital and returned to the custody of the Chatham County jail for trial on the charges which were pending at the time of his civil commitment.

1. The State contends the trial court erred by ruling that service of the demands for trial on the district attorney were not required. This contention is without merit.

At the time the demands for trial were filed on March 28 and June 13, 1980 there was no requirement that the district attorney be served with copies of the demands for trial. See former Code Ann. § 27-1901. The only requirement of that Code section is that the demand for trial be placed upon the minutes of the court. The function of placing the demand on the minutes is to give notice to the State that the time in which trial must be had is running. *Newman v. State*, 121 Ga. App. 692, 693 (2) (175 SE2d 144) (1970). See also *Dublin v. State*, 126 Ga. 580 (55 SE 487) (1906), where it was held that the demand upon the minutes is notice to the judge and prosecuting officer of its existence; *Dickerson v. State*, 108 Ga. App. 548 (134 SE2d 51) (1963).

The State argues that a local rule of court requires that a copy of the demand be served upon the district attorney, and the rule is not in conflict with the statute. We do not agree.

In discussing placing requirements on a criminal defendant in addition to those contained in Code Ann. § 27-1901, our Supreme Court held: "We can add no qualifications or limitations to this Act — we can create no exceptions, and can make no additions." *Kerese v. State*, 10 Ga. 95, 97 (1851). See also *Jeffries v. State*, 140 Ga. App. 477, 480 (1) (231 SE2d 369) (1976). As pointed out by the trial court in its order, local court rules cannot change the general law of the state. See generally *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666 (278 SE2d 468) (1981). In *Dickerson*, supra, it was held that this court's attempt to add a requirement to the provisions of Code Ann. § 27-1901 was in conflict with and repugnant to fundamental law. Hence, the local court rule could not change the general law of the State (Code Ann. § 27-1901) by imposing a requirement on a criminal defendant which was not required by state statute.

2. The State contends the trial court erred by ruling that specific permission for filing the out-of-term demands was given by the court. In this regard, the out-of-term demands are signed by the trial judge, who ordered that the demands be placed on the minutes of the court.

Further, the trial court stated in its order that the court's permission was obtained in compliance with the demand statute. The out-of-term demands could only be filed with the permission of the court (former Code Ann. § 27-1901), and there is no question but that the out-of-term demands were filed. As pointed out in *Newman,* supra: "*Without more,* the . . . order spreading the demand upon the minutes would indicate that the court had given 'special permission' under § 27-1901, since the section only calls for such recording in the case of a valid demand, i.e., by right or by special permission." Hence, this enumeration of error is without merit.

3. The State contends the trial court erred by dismissing ten of the eleven indictments against Crapse and by ruling that Crapse was ready for trial after having been adjudged insane and civilly committed. We do not agree.

Under the facts stated above, the trial court properly dismissed ten of the eleven indictments against Crapse pursuant to OCGA § 17-7-170 (b) (formerly Code Ann. § 27-1901). See *Bush v. State,* 152 Ga. App. 598 (263 SE2d 499) (1979). The remaining indictment (number 31648, alleging rape, a capital offense under OCGA § 16-6-1 (formerly Code Ann. § 26-2001) was subject to the provisions of OCGA § 17-7-171 (b) (formerly Code Ann. §§ 27-1901.1 and 27-1901.2) and thus the trial court properly did not dismiss it due to Crapse's failure to meet the statutory requirement of being present in court announcing ready for trial. *Sheats v. State,* 237 Ga. 757 (1) (229 SE2d 600) (1976); *Bashlor v. State,* 165 Ga. App. 329, 330 (1) (299 SE2d 418) (1983). The State contends that the discharge and acquittal provision of OCGA § 17-7-170 (b) is not applicable when the delay in trying a case is the result of the defendant's civil commitment. The State thus argues that Crapse was not denied his right to a speedy trial on the remaining ten indictments because it cannot be said Crapse was ready for trial after being civilly committed. We note that contrary to the State's assertion, Crapse was never adjudged insane; rather, he was found not guilty by reason of insanity of two offenses, which means only that *at the time of commission* of those two offenses Crapse did not have mental capacity to distinguish between right and wrong in relation to such acts, omissions or negligence. Former Code Ann. §§ 27-1503 (c) (1) and 26-702; *Echols v. State,* 149 Ga. App. 620, 623 (2) (255 SE2d 92) (1979). As pointed out in *Echols,* supra, "mental competence" relates only to the ability of the defendant, *at the time of trial,* to intelligently participate in his trial under the criteria set forth in *Crawford v. State,* 240 Ga. 321, 326 (2) (240 SE2d 824) (1977). Those criteria are (1) whether he is capable at the time of trial of understanding the nature and object of the proceedings against him; (2) comprehends his own condition in reference to such proceedings, and (3) is able to assist his attorneys in his defense. In a well-

reasoned order the trial court recognized the distinction between a finding of not guilty by reason of insanity and the defendant's competency to stand trial, and found that there had been no adjudication of Crapse's mental incompetency to stand trial. Based on such findings the trial court found that Crapse's civil commitment did not make him incapable of being tried.

In regard to the State's argument that appellant's civil commitment "tolled" his demands for trial, Crapse was released from Central State Hospital on January 18, 1983, and 13 months later he had not been tried. More than three terms of court had passed when Crapse filed his motion for discharge and acquittal in November 1983. Thus, even if Crapse's commitment "tolled" the demands, we find no error in granting that motion.

Two appeals were filed by Crapse to the trial court's denial of his motion for discharge and acquittal on the remaining indictment, number 31648, alleging rape. We note that although it was necessary to resolve the issues raised by Crapse in his appeals in order to fully address the State's arguments in Case Number 68838, neither of Crapse's appeals are properly before this court. Crapse obtained a certificate of immediate review in Case Number 68963 but failed to apply to this court for permission to file an interlocutory appeal in accordance with OCGA § 5-6-34 (b). Thus that appeal is dismissed for lack of jurisdiction. See *Echols v. State*, 163 Ga. App. 905 (296 SE2d 366) (1982). Crapse's second appeal (Case No. 68962) was designated a cross-appeal. OCGA § 5-6-38 (a) provides that *"[i]n civil cases*, the appellee may institute cross-appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; . . ." (Emphasis supplied.) This statute was enacted in 1965 (Ga. L. 1965, pp. 18, 21) prior to the enactment in 1973 of Code Ann. § 6-1001a (OCGA § 5-7-1) authorizing appeals by the State. Ga. L. 1973, p. 297. Despite the justice and judicial economy which would result were criminal defendants able to cross-appeal suits brought before this court by the State pursuant to OCGA § 5-7-1, OCGA § 5-6-38 (a) expressly limits the right of cross-appeal to civil parties and we decline to encroach on the legislature's prerogative by judicially authorizing such a cross-appeal in a criminal case. Therefore, because Crapse failed to follow the procedures under OCGA § 5-6-34 (b) in regard to his cross-appeal in Case No. 68962, it is therefore dismissed. *State v. Tuzman*, 145 Ga. App. 481, 484 (5) (243 SE2d 675) (1978).

*Judgment affirmed in Case No. 68838. Appeal dismissed in Case Nos. 68962, 68963. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only in Case No. 68838 and concurs in the dismissal of Case Nos. 68962 and 68963.*

DECIDED NOVEMBER 30, 1984 —
REHEARINGS DENIED DECEMBER 17, 1984 — 

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellant. (case no. 68838).

*Stephen H. Harris*, for appellee.

*Stephen H. Harris*, for appellant (case nos. 68962, 68963).

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.