## 71482. BUTLER v. GRAY.
### (339 SE2d 769)

BIRDSONG, Presiding Judge.

This litigation apparently grows out of continuing disputes arising from a divorce. It would appear the ex-wife occupies a residence allegedly owned by the ex-husband, but which ownership is contested by the ex-wife. A writ of possession was sought by the ex-husband demanding a per diem rental, back rental and a limited right of entry to effect repairs. On the day set for hearing, neither the ex-wife (Butler) nor her attorney appeared, her answer was stricken, and per diem and back rental was ordered to be paid into the registry of the court. Subsequently, Butler's counsel and Butler herself appeared at a hearing to set aside the default judgment. This motion to set aside the default was granted, thus reinstating the case for future trial. The court again ordered the payment of past and accruing rental into the registry of the court.

Butler then filed a notice of direct appeal to this court complaining that the rental rate established by the court was unreasonable. Inasmuch as the merits of the case are pending in the trial court, Ms. Butler was required to seek application for an interlocutory appeal as mandated by OCGA § 5-6-34 (b). No such application has been filed in this court as required. Therefore, this appeal must be dismissed for lack of jurisdiction. *Bowers v. Price*, 168 Ga. App. 125 (308 SE2d 420); *Gulf Oil Co. v. Mantegna*, 167 Ga. App. 844 (307 SE2d 732).

Appellee Gray has filed a motion to dismiss this appeal which we hereby have granted. Additionally, Gray seeks the imposition of a

10% penalty and attorney fees based upon a frivolous appeal plus remand with direction to the trial court. However in order for this court to consider and rule upon these requests by Gray, this court would have to have jurisdiction over the appeal. As observed hereinabove, the failure to follow proper procedure by Butler does not invoke the jurisdiction of this court and consequently deprives this court of the power to act upon Gray's requests for any action beyond the motion to dismiss.

*Appeal dismissed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 14, 1986.

*Roman A. DeVille*, for appellant.
*Robert L. Simmons*, for appellee.