73090. NEAL v. STATE OF GEORGIA.
(354 SE2d 664)

BEASLEY, Judge.

The court does not have jurisdiction to decide this case.

The order appealed from simply states that because defendant did not timely answer, the case is in default and that a default judgment be entered. No amount of judgment is mentioned, and it has yet to be established.

The complaint, filed by the district attorney as authorized by OCGA § 19-11-23, was an action created primarily by OCGA § 19-11-7. It alleged that a debt had been created by the payment of public assistance under OCGA § 19-11-5 and that assignment to the department had occurred by virtue of OCGA § 19-11-6.

The complaint sought an establishment of paternity, reimbursement for monies advanced, an order for current support, a judicial inquiry into defendant's ability to provide medical support, and an order for the payment of all sums into court for transmittal to the department's child support recovery office.

The order appealed from (which did not involve a verdict), did not determine all of the issues which are to be resolved in the action. In fact, in moving for default judgment, plaintiff only claimed entitlement at that stage to what it regarded as the liquidated damages in its complaint, that is, the debt created by monies advanced. And it freely acknowledged that "It is entitled to a hearing on unliquidated damages (current support) so that a determination can be made by the Court on that issue." (Parenthetical words in original.) As to liquidated versus unliquidated damages, see *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25 (351 SE2d 218) (1986).

This not being a final judgment, the interlocutory appeal procedure was mandated. OCGA § 5-6-34 (b). It not having been followed, the appeal must be dismissed. *Bowers v. Price*, 168 Ga. App. 125 (308 SE2d 420) (1983); *English v. Tucker Fed. Savings &c. Assn.*, 175 Ga. App. 69 (332 SE2d 365) (1985). Such is a matter of jurisdiction. *State v. Crapse*, 173 Ga. App. 100 (325 SE2d 620) (1984).

*Appeal dismissed. Birdsong, C. J., Banke, P. J., Carley, Sognier, and Pope, JJ., concur. Deen, P. J., McMurray, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

This is an appeal from an adverse decision in an action filed by

the State to establish appellant's paternity of a child, to recover from appellant monies paid on behalf of the child by the State, and to establish an amount of future support to be paid by appellant. See OCGA §§ 19-11-5; 19-11-13. Appellant acknowledged receipt of the complaint but filed no answer, resulting in a default judgment being entered against him. The judgment made no mention of the child support or paternity issues. The pertinent part of the order reads as follows: "Therefore it is the Order of this Court that a Default Judgment be entered in favor of the plaintiff."

I write separately because I cannot agree with the majority, which says that the appeal should be dismissed for failure to follow interlocutory appeal procedure.

The majority opines that the entry of the default judgment is not a final judgment since unliquidated damages (current child support) were sought by appellee but not determined by the trial court. The majority concludes that the appeal is interlocutory in nature and should be dismissed for failure to follow the statutory procedure for such appeals. My review of this case leads me to the conclusion that the trial court need not determine the amount of future support; therefore, the failure of the trial court to do so does not make this appeal interlocutory in nature.

The statutory scheme provides for a departmental investigation to determine whether a responsible parent is able to support a dependent child receiving public assistance (OCGA § 19-11-10 (a)), and the department establishes a standard to measure that parent's ability, taking into account several factors listed in the statute. OCGA § 19-11-12. The department requests a parent to agree to provide the amount of support determined to be appropriate by the department. If the parent does not agree, the department then conducts an administrative hearing concerning the ability to support. OCGA § 19-11-15 (a). The parent then has a right to appeal the administrative decision. OCGA § 19-11-15 (c) (2). In light of the statutory scheme empowering an administrative agency to establish the amount of future child support, I do not view the failure of the trial court to rule on the matter as voiding the finality of the judgment rendered, and I dissent from the dismissal of appellant's appeal.

I am authorized to state that Presiding Judge Deen and Presiding Judge McMurray join in this dissent.

DECIDED MARCH 4, 1987.

*C. Ronald Patton*, for appellant.

*Stephen F. Lanier, District Attorney, Deborah Haygood, Assistant District Attorney, William C. Joy, Senior Assistant Attorney*

*General, Mary Foil Russell, Assistant Attorney General,* for appellee.