A90A1691. LANDOR CONDOMINIUM CONSULTANTS, INC. et al. v. BANKERS FIRST FEDERAL SAVINGS & LOAN ASSOCIATION.
(401 SE2d 305)

SOGNIER, Chief Judge.
 Bankers First Federal Savings & Loan Association ("the Bank") brought dispossessory proceedings against Landor Condominium Consultants, Inc. ("Landor"), D. Landrum Harrison, and Doris Bird Harrison to recover possession of portions of a condominium development the Bank had acquired by foreclosure, consisting of undeveloped land, 19 unfinished condominium units, and three finished units, two of which were occupied by the defendants and used as Landor's office and the Harrisons' home. The defendants answered and counterclaimed, and the trial court granted the Bank's motion to compel payment of rent into court pending resolution of the dispossessory proceedings. The defendants failed to pay rent and a writ of possession was issued on March 8, 1989. Before enforcement of the writ, however, the defendants obtained a stay from the trial court effective until further order, dismissed their counterclaim, and filed a notice of appeal. On April 21, 1989, after a hearing, the trial court granted the Bank's motion to lift the stay and ordered payment of rent into court. When the defendants failed to pay rent on all but the two condominium units they were occupying, the writ of possession was enforced as to the rest of the parcels, and when they stopped paying rent on the

unit used as their office, the writ was enforced as to that unit, leaving them in possession only of the unit used as the Harrisons' home, for which they continue to pay rent.

The record reveals that the premises in question in this appeal were part of the Colony Place condominium development in Richmond County. The Colony Place Company, the original developer of Colony Place, was declared bankrupt, and Landor claims title to the property under a deed from the Colony Place Company. The Harrisons claim entitlement to possession through Landor.

Appellants have appealed directly from the grant of the writ of possession pursuant to OCGA § 44-7-56. That Code section, however, provides no special rights of direct appeal, but makes appeals taken in dispossessory proceedings subject to "Chapters 2, 3, 6, and 7 of Title 5" of the Code, as applicable. *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989). OCGA § 5-6-34 (a) (1) provides that direct appeals may be taken to this court from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35 [which provides for discretionary appeals]." The other seven instances enumerated in OCGA § 5-6-34 (a) in which a direct appeal may be taken are obviously not applicable here. Accordingly, if the grant of writ of possession as to the undeveloped units, the unfinished units, and the finished units other than the ones occupied by the Harrisons as their home is not a "final judgment" within the meaning of OCGA § 5-6-34 (a) (1), this court is without jurisdiction to entertain this appeal.

Appellee presented claims for possession of several premises in this action. While the grant and execution of the writ of possession as to certain units are clearly final in the sense that appellants have lost possession of those units pending final resolution of the case, it is undisputed that appellants continue to be in possession of one unit and are paying rent on that unit until the resolution of the dispute on its merits, which is still pending below. OCGA § 9-11-54 (b) directs that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a *final judgment* as to one or more but fewer than all of the claims . . . *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . ., and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

The record reveals no determination by the trial court that there

is no just reason for delay and no express direction for the entry of judgment. We are thus constrained to hold that no appealable final judgment exists. Moreover, appellants have not applied to this court for interlocutory review. See OCGA § 5-6-34 (b). While appellants understandably wish to have certain questions decided sooner rather than later, in the absence of either a final judgment or authorization for interlocutory review, the appeal is premature, and this court, lacking jurisdiction, must dismiss the appeal. See generally *Bowers v. Price*, 168 Ga. App. 125, 126 (308 SE2d 420) (1983).

*Appeal dismissed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1991.

D. Landrum Harrison, *pro se.*
Doris B. Harrison, *pro se.*
*Lawton Jordan, Jr., David E. Hudson*, for appellee.

