**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 24, 2017**

# In the Court of Appeals of Georgia

A15A1033.  GEORGIA  DEPARTMENT  OF  COMMUNITY HEALTH v. NEAL.

BRANCH, Judge.

In *Ga. Dept. of Community Health v. Neal*, 334 Ga. App. 851 (780 SE2d 475) (2015), this Court reversed the denial of the Georgia Department of Community Health's motion to dismiss plaintiff Trecia Neal's complaint on the ground that the Department had not waived its sovereign immunity by means of either documents issued as part of the State Health Benefits Plan or any relevant regulation. Id. at 859 (2). As we noted at the outset of our opinion, the Department had taken a direct appeal from the denial of the Department's motion to dismiss, with the parties agreeing that the direct appeal had been properly taken under the collateral order doctrine because "the trial court [had] conclusively determined that sovereign

immunity did not apply. See *Bd. of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009)." Id. at 852, n. 1.

On March 25, 2016, having previously granted Neal's petition for certiorari, the Supreme Court of Georgia vacated this Court's judgment and remanded the case to this Court for "reconsideration" of our conclusion that we had jurisdiction over the Department's] direct appeal in light of the Supreme Court's intervening decision in *Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775) (2016). After noting the "small class of cases for which the collateral order doctrine [is] appropriate," the *Rivera* Court held that "an interlocutory order rejecting a claim of qualified immunity is not directly appealable under the collateral order doctrine," but must rather "be pursued under the interlocutory procedures of OCGA § 5-6-34 (b)." 298 Ga. at 776, citing *Turner v. Giles*, 264 Ga. 812, 813 (1) (450 SE2d 421) (1994) (punctuation and footnote omitted). *Rivera* went on to overrule *Canas* and its progeny, including *Neal* — one of the many cases depending on *Canas* "as authority to apply the collateral order doctrine in cases claiming sovereign, official, qualified, or other immunity." *Rivera*, 298 Ga. at 778, n. 7.

In a supplemental brief filed on remand to this Court, the Department concedes that we lack jurisdiction, but asks that we direct the trial court either to reconsider the

Department's motion to dismiss or to issue a certificate of immediate review. We cannot take such actions, however. In *Butler v. Gray*, 177 Ga. App. 498 (339 SE2d 769) (1986), for example, we granted a motion to dismiss a direct appeal for a failure to follow the interlocutory appeal procedures, but also denied appellee's requests for a frivolous-appeal penalty and direction to the trial court on remand, noting that the appellant's failure to follow the appeal procedures "does not invoke the jurisdiction of this court and consequently deprives this court of the power to act upon [appellee's] requests for any action beyond the motion to dismiss." Id. at 499. Similarly, we do not have jurisdiction to take any actions in this case other than to dismiss the Department's appeal.

When a plaintiff has failed to seek a certificate of immediate review under OCGA § 5-6-34 (b), and "unless the trial court's order falls under some other exception to the final judgment rule, [the] appeal must be dismissed." *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008) (footnote omitted). Having noted the Supreme Court's decision overruling of *Canas* and its progeny in *Rivera*, we also observe that the Department has not asserted any exception to the final judgment rule authorizing a direct appeal in this case. We therefore dismiss the Department's direct appeal on the

3

ground that it was not in compliance with the procedures laid out in OCGA § 5-6-34 (b). See *Rivera*, 298 Ga. at 778 (affirming the Court of Appeals' dismissal of the two direct appeals at issue as not in compliance with OCGA § 5-6-34 (b)).

*Appeal dismissed. Miller, P. J., and Andrews, J., concur.*