# Court of Appeals
# of the State of Georgia

ATLANTA, January 05, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0751. BRIAN BURKE v. DELMAS GLENN JONES et al.

This case concerns a dispute over a tract of land and attached structures located in Whitfield County, Georgia. Brian Burke sued Delmas Glenn Jones, individually and in Jones's role as administrator of the estate of David Ridley, for transfer of this property to Burke as specific performance, or alternatively, for damages based on claims of unjust enrichment and fraud. Jones counterclaimed for conversion, a dispossessory action, slander of title, punitive damages, breach of contract, and attorney's fees. In May 2018, the trial court issued an order requiring Burke to pay rent into the registry of the court. Jones subsequently filed a motion for summary judgment on Burke's claims. The trial court granted the motion in May 2019, and Burke appealed. This Court reversed the decision in an unpublished opinion, and the case was remitted to the trial court and remains pending below. *Burke v. Jones*, Case No. A20A0234 (July 1, 2020).

Upon remittitur, Jones filed a "Motion to Withdraw Funds from the Court, Issue Writ of Possession Pursuant to OCGA § 44-7-54 (b) or in the alternative for Temporary Restraining Order and Interlocutory Injunction" based on Burke's failure to pay the required rent into the court's registry. On November 10, 2020, the trial court entered an 8-page order issuing a writ of possession to Jones based on Burke's failure to pay rent into the court registry as ordered, but denying the motion to withdraw funds and deeming the request for interlocutory injunction moot. Burke then filed this direct appeal from the trial court's order. Jones has filed a motion to dismiss this direct appeal, arguing that Burke was required to follow the interlocutory appeal procedure because the action remains pending below. In response, Burke

asserts that the trial court's order is directly appealable because (1) the order is tantamount to the grant of an interlocutory injunction, (2) the order grants or refuses to grant an extraordinary remedy, and (3) the order is a collateral order. Burke's assertions lack merit, and we lack jurisdiction to consider this direct appeal.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Here, the action remains pending in the trial court, and the order that Burke wishes to appeal is not a final judgment. See *Landor Condo. Consultants v. Bankers First Fed. S. & L. Assn.*, 198 Ga. App. 274, 275-276 (401 SE2d 305) (1991); *Rivera v. Housing Auth. of Fulton County*, 163 Ga. App. 648, 648 (295 SE2d 336) (1982). Moreover, "[t]he record reveals no determination by the trial court that there is no just reason for delay and no express direction for the entry of judgment. We are thus constrained to hold that no appealable final judgment exists." *Landor Condo. Consulting*, 198 Ga. App. at 275-276. Accordingly, Burke was required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court, in order to appeal the non-final order. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994).

Burke's claims that the order is directly appealable under OCGA §§ 5-6-34 (a) (4) or (7) because it is tantamount to the grant of an interlocutory injunction or an order granting or refusing to grant extraordinary relief lack merit. The order at issue neither granted an interlocutory injunction nor adjudicated a claim for extraordinary relief. The order merely issued a writ of possession under OCGA § 44-7-54 (b) based on Burke's failure to pay court-ordered rent into the court registry.

Burke's claim that the order is directly appealable under the collateral order doctrine likewise fails. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). The doctrine applies to only

> a very small class of interlocutory rulings [that] are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) (punctuation omitted). Among other requirements, the collateral order doctrine applies only to cases "where denial of immediate review would render impossible any review whatsoever." *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013) (punctuation and emphasis omitted). The superior court order at issue here does not meet this requirement because, even assuming Burke does ultimately establish that he was entitled to remain in possession of the property pending litigation, he has not established that the violation of that right will be effectively unreviewable on appeal from the final judgment, for example, by an award of damages.

Because Burke is not entitled to a direct appeal, his failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal.

> While [Burke] understandably wish[es] to have certain questions decided sooner rather than later, in the absence of either a final judgment or authorization for interlocutory review, the appeal is premature, and this court, lacking jurisdiction, must dismiss the appeal.

*Landor Condo. Consultants*, 198 Ga. App. at 276. Accordingly, Jones's motion to dismiss is hereby GRANTED, and this direct appeal is hereby DISMISSED. Burke's motion to supplement the record with the amended notice of appeal is hereby DENIED as any amended notice of appeal would not help us determine jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  01/05/2021
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.