# Court of Appeals
# of the State of Georgia

ATLANTA, March 10, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0386. DONNA MICHELLE NELSON et al. v. GLORIA CAYE VICTOR, IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE ESTATE OF SIDNEY R. JONES.

Gloria Victor, administrator of the estate of Sidney R. Jones, filed a five-count complaint against Donna Nelson and three other defendants, arising out of Nelson's occupying Jones's home following his death and Nelson's attempts to transfer ownership of the home and other property of Jones's to herself. The complaint included claims for injunctive relief (Count 1), declaratory relief (Count 2), writ of possession, including a claim for rent (Count 3), conversion (Count 4), and litigation expenses (Count 5).

Following the defendants' failure to respond to interrogatories and comply with the court's discovery order, the court entered an order on March 26, 2021, granting the plaintiff's motion to strike the defendants' pleadings pursuant to OCGA § 9-11-37 (d) (1), entering default judgment against the defendants, and awarding discovery-related expenses and attorney fees to the plaintiff. The order instructed the plaintiff to submit an itemization of expenses and fees, which she did, and the defendants objected.

A hearing was held on the application for expenses and attorney fees and other matters. Following the hearing, on June 9, 2021, the court entered (1) an order awarding attorney fees to the plaintiff for discovery-related expenses, and (2) a "final judgment granting permanent injunction, declaratory judgment, and writ of possession," in which the court stated, among other things, that, in accordance with the March 26 order, the defendants are restrained and enjoined from various actions.

Neither June 9 order addressed the plaintiff's claim for rent in Count 3; Count 4, the conversion claim; or Count 5, the claim for litigation expenses for the entire case. The defendants filed a direct appeal from the March 26 order and the two June 9 orders.

We lack jurisdiction. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation and citation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). In such circumstances, there must be either an express determination under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Id. If neither of these code sections is followed, the appeal is premature and must be dismissed. Id.

Here, the orders the defendants seek to challenge are not final. The March 26 order was a default judgment as to liability, but not as to damages. The court left pending the amount of damages in Counts 3, 4, and 5, which renders the order interlocutory. See OCGA § 9-11-55 (a); *Neal v. State*, 182 Ga. App. 37 (354 SE2d 664) (1987). Similarly, the June 9 "final judgment" reiterated liability as to Counts 1, 2, and 3, but did not address the rent claim of Count 3 or Counts 4 or 5 at all. Likewise, the defendants were required to follow the interlocutory appeal procedures to appeal the June 9 attorney fee award. See *Eidson v. Croutch*, 337 Ga. App. 542, 543-545 (788 SE2d 129) (2016) (where attorney fees order is issued prior to final judgment, party seeking appellate review must follow interlocutory appeal procedures).

In the absence of an express determination under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures, we lack jurisdiction over this appeal from the trial court's nonfinal orders. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,   03/10/2022          *

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*